## OLCOTT v. HEADRICK.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF TENNESSEE.

No. 77. Argued and submitted November 5, 1891. — Decided November 16, 1891.

A decree of foreclosure and sale, made by a Circuit Court, on a railroad mortgage, provided that the purchaser should pay off all claims incurred by the receiver, and that all such claims should be barred unless presented within six months after the confirmation of the sale. On the sale the property was bought by the appellants. The decree confirming the sale provided that a deed should be given, and the purchasers should take the property, and the deed should recite that they took it, subject to all claims incurred by the receiver. After the six months had expired, the appellee filed a petition to recover damages for an injury sustained by him, as a passenger on the road, through the negligence of the employés of the receiver. The expiration of the six months was set up as a bar to the claim. It did not appear that the purchasers objected to the terms of the decree of confirmation, or appealed to this court from that decree. *Held,* that the Circuit Court had discretion to abrogate the six months' limitation, and to decree that the purchasers should pay the claim, as the receiver had been discharged.

IN EQUITY. The case is stated in the opinion.

*Mr. William M. Baxter* for appellants submitted on his brief.

*Mr. Henry H. Ingersoll* for appellee.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

A bill in equity was filed in the Circuit Court of the United States for the Eastern District of Tennessee, by the Central Trust Company of New York against the East Tennessee, Virginia and Georgia Railroad Company, the Tennessee State Line Railroad Company and one Thomas, to foreclose a mortgage given June 15, 1881, by the first named railroad company to the Trust Company, on its property situated in Tennessee, Georgia, Alabama and Mississippi. On the 6th of January, 1885, one Fink was appointed receiver in the cause, and placed

in possession of the whole of the property of the railroad company.

On the 18th of March, 1886, a decree of foreclosure and sale was entered. That decree contained the following provisions: " And the purchaser or purchasers of said property at said sale shall, as a part of the consideration of the purchase and in addition to the sum bid, take the said property upon the express condition that he or they will pay off, satisfy and discharge any and all claims now pending and undetermined in either of said courts, accruing prior to the appointment of the receiver herein or during the receivership, which may be allowed and adjudged by this court as prior in right to said respective mortgages, together with such interest as may be allowed, except as to mortgages prior to said mortgages foreclosed in this suit, and subject to which said property shall be sold; and also upon the further express conditions that he or they will pay off, satisfy and discharge all debts, claims and demands, of whatsoever nature, incurred or which may hereafter be incurred by said receiver, Henry Fink, and which have not been or shall not hereafter be paid by said receiver or other parties in interest herein; and said purchaser or purchasers, their successor or successors or assigns, shall have the right to appear and make defence to any claim, debt or demand sought to be enforced against said property; and said purchaser or purchasers, their successor or successors or assigns, shall also have the right to enter appearance in this or any other court and contest any claim or demand pending and undetermined at the date of the confirmation of such sale. All claims, debts and demands accruing during the receivership herein shall be barred, unless presented, as herein provided, within six months after the confirmation of said sale; and jurisdiction of this cause is retained by this court for the purpose of enforcing the provisions of this article of this decree."

A supplemental decree was made April 26, 1886, and a special master, on the 25th of May, 1886, sold the property at public auction to Frederick P. Olcott and others, the appellants herein, for $10,250,000. The master reported the sale to the court, and a decree confirming it was made June 28, 1886. That

decree recited that the plaintiff had applied for the confirmation of the sale, that the sale had been made to Olcott and others, acting as a committee on the part of the bondholders, as purchasing trustees, that no exceptions to the report of the sale had been filed, and sufficient notice of the hearing of the application had been given to the solicitors of the parties to the cause; and the decree went on to confirm the sale and the report of sale, and to provide that the special master should execute a proper instrument in writing, conveying to the purchasers, as a committee acting on behalf of the bondholders, as purchasing trustees, all the property described in the decree of sale, and further provided as follows: "And it is further ordered, adjudged and decreed that the said purchasers shall take the said property, and that it be recited in said deed that they do take the said property, subject to, and that the said purchasers assume and pay off, any and all debts, claims and demands of whatsoever nature now pending and undetermined in either of the courts in which the original and ancillary bills in this cause are pending which may be allowed and adjudged by this court, or either of said courts where ancillary bills are pending, as prior to any right secured under said consolidated first mortgage, under foreclosure of which the said sale was made, and subject likewise to all debts, claims and demands of whatsoever nature incurred by Henry Fink, as receiver in this cause, and which may remain unpaid at the termination of said Fink's receivership." It does not appear by the record whether such deed was given; but it is to be presumed that it was.

On the 2d of March, 1887, an intervening petition was filed in the cause by O. B. Headrick, the appellee herein, alleging that he, on March 30, 1886, as a passenger upon one of the trains of the railroad operated by the receiver, had been seriously injured and permanently disabled, by reason of a collision which occurred on the road, without fault on his part, but through the negligence of the agents and employés of the receiver; and he prayed for a judgment for damages for such injuries, and that the same might be paid out of one or the other of the following funds, alleged to be in the custody of

the court and still undistributed : " 1st. The fund resulting from the operation of the road by the receiver and hitherto unappropriated. 2d. The funds hitherto in the hands of the receiver, which have been by him diverted from the expenses of the receivership and appropriated to the payment of the bonded indebtedness of the railroad company, defendant, and to the purchase of rolling stock for, and the permanent improvement of, said railroad property. 3d. The funds resulting from the operation of said railroad by said receiver, which were turned over to the purchasers of said railroad under the sale ordered thereof by this court in this cause. 4th. The obligation of the purchasers to pay for and discharge all the liabilities and obligations of the receiver, on all accounts, as a part of the terms of their purchase of the property."

To this petition it was answered, as a defence, that the petitioner's right of action, if any, was barred by the provisions of the decree of sale and the decree of confirmation, because the petition was not filed until after the lapse of six months after the decree was made confirming the sale. It was, in fact, filed more than eight months thereafter.

On the hearing of the petition by the Circuit Court, held by the circuit judge (Judge Jackson) and the district judge, (Judge Key,) their opinions were opposed on the following questions : " 1st. Whether or not the petitioner was entitled to file said petition in said cause after the lapse of more than six (6) months after the entry of the decree confirming sale. 2d. Whether or not, under the decrees of sale, and confirmation of sale, plaintiff's action was barred. 3d. Whether or not the purchasers of the property were liable for any claim against the receiver presented to the court more than six (6) months after the decree of confirmation of the sale." The opinion of the circuit judge was in favor of the petitioner, and judgment was entered accordingly; and the foregoing questions were certified to this court. The judgment was for $500 in favor of the petitioner, with costs, and against the receiver, but the judgment stated that, as the receiver had been discharged from further liability, and the purchasers took the property subject to, and assumed to pay, any and all claims

and demands of whatsoever nature, incurred by the receiver, it was adjudged that the purchasers pay the $500, and costs, to the petitioner.

We are of opinion that the first and third questions must be answered in the affirmative, and the second question in the negative; and that the judgment must be affirmed.

Although the decree of sale provided that all claims, debts, and demands accruing during the receivership should be barred unless presented within six months after the confirmation of the sale, yet the decree of confirmation provided that the purchasers should take the property, and that the deed should recite that they took it, subject to all debts, claims and demands, of whatsoever nature, incurred by the receiver, and which might remain unpaid at the termination of his receivership. It does not appear that the purchasers objected to the terms of the decree of confirmation, or appealed to this court from that decree. They might have done both, on the ground that the decree of confirmation varied from the terms of the decree of sale under which they had bought, in destroying the six months' limitation. It was uncertain, under the terms of the decree of sale, what claims might be presented within six months after the confirmation of the sale and be allowed by the court; and, as they became parties to the proceeding by their purchase, they should have seen to it that the terms of the decree of confirmation did not create still further uncertainty, by destroying the six months' limitation. The time of the confirmation of the sale was uncertain, and, inasmuch as the six months, by the decree of March 18, 1886, was to run from the confirmation of the sale, the purchasers were put upon inquiry to see that the term of six months was not varied by the decree of confirmation.

If the purchasers had objected to the decree of confirmation because it destroyed the six months' limitation, they could either have asked the court not to insert such a provision, and, on its refusal, have appealed to this court, or have declined to be bound by the sale, on the ground that the new terms varied from those contained in the decree of sale.

It was within the discretion of the court to abrogate the six

months' limitation, the fund being substantially a fund in court. *Brooks* v. *Gibbons*, 4 Paige, 374; *Burchard* v. *Phillips*, 11 Paige, 70; *Grinnell* v. *Merchants' Ins. Co.*, 1 C. E. Green (16 N. J. Eq.), 283; *Lashley* v. *Hogg*, 11 Vesey, 602; *Hurley* v. *Murrell*, 2 Tenn. Ch. 620. That being so, as the record does not show on what grounds the court acted, the presumption must be that it properly exercised its discretion.

The first and third questions are answered in the affirmative, and the second question in the negative, and the judgment is

*Affirmed.*