KENNEDY v. ROUNDTREE.

SAME v. EAVES.

SAME v. POWELL.

SAME v. BALDWIN.

FORECLOSURE—JURISDICTION—MERGER.—THE UNITED STATES CIRCUIT COURT retains jurisdiction of the parties and subject matter in a foreclosure suit until confirmation of the report on sales, and under this rule where a private sale, after decree in foreclosure, was made by the mortgagor to the mortgagee, which was not submitted to and confirmed by the Court, but a release of mortgagor was recorded, and a junior judgment creditor of mortgagor, who had been regularly made a party to the foreclosure but had defaulted, then attempted to sell the land under his judgment, which the U. S. Court first refused to enjoin, but did afterwards *suo motu* enjoin, and ordered a sale of the lands under the original decree, which was made, but before such sale said junior judgment creditor sold the lands under his judgment, at which sale notice of the said action by the Court was given, there is no merger of the titles held by the mortgagor and mortgagee, and the title of the purchaser at the foreclosure sale is paramount to that of the purchaser at the judgment sale under execution.

Before HUDSON, special Judge, Barnwell, May, 1901. Affirmed.

Four actions by A. M. Kennedy against (1) L. T. Roundtree, (2) W. H. Eaves, (3) Lee Powell, and (4) Dora Baldwin. From judgment for defendants, plaintiff appeals.

*Messrs. J. O. Patterson* and *Thos. S. Moorman,* for appellant, cite: *As to merger and satisfaction of the mortgage:* 3 McC., 302; 11 Rich. L., 704; 6 S. C., 316; 10 S. C., 373; 6 Rich. Eq., 343; 9 Rich. Eq., 53; 16 S. C., 316; 20 S. C., 555; 23 S. C., 279; 26 S. C., 401; 28 S. C., 486; 37 S. C., 319; 41 S. C., 37; 24 S. C., 18; 26 S. C., 424; 27 S. C., 562. *The mortgage and decree were satisfied by acts of the parties:* 8 Ency., 33; 3 Wall., 334; 2 Wall., 97. *The U. S. Circuit Court had power to yield its concurrent jurisdiction*

*to that of the State Court:* 38 S. C., 156.   *Could the U. S. Court enjoin execution of the State Court?* 97 Fed. R., 136; 40 C. C. A., 394; 169 U. S., 464; 172 U. S., 148; 105 Fed. R., 272.

*Mr. Allen J. Green,* contra, cites: *Court first obtaining jurisdiction retains it:* 46 S. C., 126.   *Judgment cannot be collaterally attacked:* 34 S. C., 452; 40 S. C., 69.   *Court has jurisdiction until confirmation of report on sales:* Foster's Fed. Pr., 316; Bail. Eq., 16; 24 Fed. R., 215; 141 U. S., 543; 2 Foster's Fed. Pr., sec. 379; 59 S. C., 549; Dud. Eq., 24; 22 S. C., 589; 36 S. C., 151; Rice, 376; 28 S. C., 101.   *Injunction will not be granted to stay an illegal sale:* 32 S. C., 509; 10 S. C., 261.   *As to merger:* 47 S. C., 305; 15 Ency., 314; 28 S. C., 486; 16 S. C., 330; 57 S. C., 182

April 10, 1902.   The opinion of the Court was delivered by

MR. JUSTICE POPE.   Each of four above named actions was on the law side of the Court of Common Pleas for Barnwell.   By consent of all the parties, plaintiffs and defendants, the several actions were heard together and were heard by the Circuit Judge without the aid of a jury.   The actions were heard before his Honor, Judge J. H. Hudson. His judgment was for the defendants in these words: "A jury trial in each of the four cases, above named, having been duly waived, the four cases came on to be heard before me upon the pleadings, exhibits and·testimony taken before the master.   The actions are for the possession of real estate, the evidence in each is identical and all .four were heard together.   After hearing and considering the testimony, and the argument of counsel, I am of opinion upon the whole case, judgment must be entered for the defendant in each of the said cases.   The rule of law is that when a Court acquires jurisdiction of the parties and the subject matter, its jurisdiction is exclusive until the cause is finally

disposed of. In these cases there can be no doubt that the
Circuit Court of the United States for this district acquired
jurisdiction in the foreclosure proceedings, and that the
judgment creditor, Kennedy, was duly made a party thereto.
He is, therefore, bound by the decree and proceedings in
that cause; and that Court, after full hearing and argument,
has decided that the suit was not ended by the entry of satis-
faction, relied on by the plaintiffs for that purpose, and
ordered the master to enforce the decree by a sale. The
purchasers under that decree and sale, whose title enures to
the benefit of the defendants, takes paramount title over that
of the plaintiff, who claims under a purchase based upon a
sale by the sheriff under the judgment of W. H. Kennedy,
which was bound by the decree in foreclosure in the United
States Court, and who purchased with full notice given at
the sale of such infirmity. I am also of opinion, upon all
of the facts and circumstances of the case, that there was no
merger; the recital in the deed itself, which is relied upon
to show merger, shows that it was an attempt to carry into
effect the decree in foreclosure, which attempt only failed
by reason of the objection of the judgment creditor, Ken-
nedy. I, therefore, find for the defendants in each of the
above mentioned cases, and order that judgment be entered
accordingly."

Thereupon the plaintiff gave due notice of his intention
to appeal from said four judgments upon the following
grounds, to wit:

"The presiding Judge erred in his judgment:

"1. In holding that the United States Circuit Court still
retained exclusive jurisdiction of the subject matter, after
the plaintiff in the action there had accepted a deed from
the defendants therein to the land covered by the mortgage
for and in express consideration, the formal satisfaction to
be entered on the record of that Court of the mortgage debt
and decree therefor, which was done, and when the Court
had refused on full hearing to enjoin the sale of the land by
W. H. Kennedy, plaintiff, under his execution issued by the

Court of Common Pleas in said Barnwell County after such satisfaction had been entered.

"2. In holding that the United States Circuit Court still retained jurisdiction of the defendant, W. H. Kennedy, in the action therein, after all of his rights and the rights of all of the parties in regard to the land had been fully adjudicated and settled therein, and that Court had refused by its order upon direct issue to restrain him from selling the land under his execution within the jurisdiction of the Court of Common Pleas for Barnwell County; from which order there was no appeal.

"3. In holding that the United States Circuit Court had jurisdiction at the time of its subsequent order to sell the land, made solely upon the *ex parte* application therefor by the plaintiff therein to divest and bar the rights of W. H. Kennedy, and the plaintiff therein as purchaser, in regard to the land already vested by the sale thereof, under his execution and by said allowance thereof by said Court; and to direct the public sale of the land by the officer of that Court when the plaintiff as purchaser had title thereto.

"4. In not holding that at the time the levy and sale of the land was so made, within and under the jurisdiction of the Court of Common Pleas for Barnwell County, by W. H. Kennedy, the plaintiff therein, the said United States Circuit Court had exhausted or terminated its jurisdiction as to him in that matter, and that itself as considered when it refused to interfere with the said sale by him, and left him free to enforce his rights under the jurisdiction of the Court of Common Pleas for Barnwell County.

"5. In holding that the title of these defendants under the sale ordered by the decree, rendered by the United States Circuit Court after the sale of the lands by W. H. Kennedy, under his said execution, is paramount to the title of this plaintiff, the purchaser under said execution sale, who was not a party in that Court.

"6. In holding that there was no merger of the mortgage held by the plaintiff in the action in the United States Cir-

cuit Court and sought there to be foreclosed, when the plaintiff took from the defendant therein, the mortgagor, his deed for the mortgaged land in express consideration and satisfaction of the mortgage debt, and without any agreement that the mortgage should remain alive to protect against subsequent incumbrances.

"7. In holding that there was no legal and final satisfaction of said mortgage and decree when said deed from the defendant therein to the plaintiff was made, which ended the suit in the United States Circuit Court and protected W. H. Kennedy in the enforcement of his rights under his said execution.

"8. In not holding that when said deed was so made and accepted, the mortgage was therein merged, there being no express agreement that it should be kept alive and operative for any purpose.

"9. In not holding that when said deed was so made and accepted in express satisfaction of the mortgage and the decree, it was then and at once in law a final discharge thereof and under that suit, and that when the sale of the land was made under the execution of W. H. Kennedy, by the allowance of the United States Circuit Court, its legal effect was the same as if there had been no such decree, and the mortgage was paid and the title to the land under such sale passed irrevocably to the plaintiff as purchaser, unaffected by the said *ex parte* order of the United States Circuit Court."

Before passing upon these grounds of appeal, and in order to understand their pertinency, it may be well to recite briefly the facts underlying the contention involved in these four actions. In the year *1889*, Allen J. Weathersbee, of Barnwell County, S. C., borrowed from the Union Mortgage, Banking and Trust Company, Limited, of London, England, the sum of $30,000, and to secure that debt executed his mortgage for over 3,000 acres of land situate in Barnwell County, S. C., to the said company, which mortgage was duly recorded in said Barnwell County, S. C. On

the same day, in the year *1889*, the said Allen J. Weathers-
bee borrowed of W. H. Duncan the sum of $5,000, and
secured the said debt by a mortgage of the same lands
already mortgaged to the said Union Mortgage, Banking
and Trust Company, Limited, which mortgage was also duly
recorded in Barnwell County, S. C. The latter mortgage
was duly assigned for value to F. W. Dunton, of New York
city, of the State of New York, immediately after its execu-
tion. About the month of February, in the year 1890, the
said Allen J. Weathersbee confessed a judgment in the Court
of Common Pleas for Barnwell County, S. C., unto William
H. Kennedy for the sum of $10,000, and execution was
duly issued upon said judgment by confession and lodged
in the office of the sheriff of said Barnwell County, S. C.
Default having been made by the said Allen J. Weathersbee
as to the payments provided in the two mortgages to the
Union Mortgage, Banking and Trust Company, Limited,
and to the said F. W. Dunton, respectively, the former, to
wit: the Union Mortgage, Banking and Trust Company,
Limited, filed its bill in equity in the Circuit Court of the
United States for the District of South Carolina against the
said Allen J. Weathersbee, a citizen of the State of South
Carolina, the said William H. Kennedy, a citizen of the
State of South Carolina, and the said F. W. Dunton, a citi-
zen of the State of New York, as defendants, wherein it
alleged its mortgage debt and the default in the payment
thereof by the said defendant, Allen J. Weathersbee; that
the defendant, F. W. Dunton, also claimed to hold a mort-
gage upon the same lands in Barnwell County, S. C., upon
which the plaintiff, the said Union Mortgage, Banking and
Trust Company, Limited, held its mortgage; and that the
defendant, W. H. Kennedy, held a lien upon said lands
under a confession of judgment made by the said Allen J.
Weathersbee to him, the said W. H. Kennedy, which said
lien so held by the defendant, W. H. Kennedy, was a junior
lien to that held by the said the Union Mortgage, Banking
and Trust Company, and also that held by the said F.

W. Dunton. The plaintiff in said bill of equity prayed
that it, the said Union Mortgage, Banking and Trust Com-
pany, Limited, may be decreed to have a prior lien or charge
on the said mortgaged premises for its aforesaid debt,
interest and costs, in preference to the said F. W. Dunton
and W. H. Kennedy; that said Allen J. Weathersbee be
directed by the decree of the Circuit Court of the United
States for the District of South Carolina, to pay the afore-
said debt of the plaintiff, the said Union Mortgage, Banking
and Trust Company, Limited, by a particular day, and in
default thereof that the said *defendants* may be barred and
foreclosed from their equity of redemption of and in the
mortgaged premises; that said mortgaged lands be sold by
the proper officer of the Court and the proceeds of sale ap-
plied to the payment of plaintiff's debt, interest and costs;
and in case proceeds of sale fail to pay plaintiff's debt, inter-
est and costs, that the defendant, Allen J. Weathersbee, be
decreed to pay such balance. The usual summons in equity
was served upon the said Allen J. Weathersbee, the said F.
W. Dunton and the said William H. Kennedy. But no
notice of appearance, no answer and no demurrer was ever
made by the said William H. Kennedy. The two other
defendants, Allen J. Weathersbee and F. W. Dunton, an-
swered the said bill of equity. After due proceedings had
in said Court under said bill in equity, his Honor, Judge
Charles H. Simonton, as United States Circuit Judge, pro-
nounced his decree, wherein the plaintiff was given his
decree as prayed for, except that the defendant, F. W. Dun-
ton, was decreed to have his mortgage foreclosed as of even
date and dignity with that of the plaintiff in said equity suit,
and also decreed to have his proportionate share of the
proceeds of sale along with the said plaintiff. After the
decree by Judge Simonton, the defendant, F. W. Dunton,
assigned his decree to the plaintiff in such equity suit, and
also after such decree, the plaintiff, the said Union Mort-
gage, Banking and Trust Company, Limited, and the de-
fendant, Allen J. Weathersbee, made an arrangement which
    26—63

they agreed should be reported to said Circuit Court and be subject to its approval, by which the said Weathersbee should convey nearly all the lands covered by the plaintiff's mortgage, in payment and satisfaction of the same, which the decree of Court had required Weathersbee to pay to the plaintiff and defendant, Dunton. This was done, but through inadvertence no such report was made to the United States Circuit Court, and, therefore, such Court never approved of such attempted settlement, although one of plaintiff's counsel did attempt to spread upon the records of the Circuit Court and in the office of the register of mesne conveyance of Barnwell County, S. C., a release of said Weathersbee. When William H. Kennedy saw this, he, in the year 1898, had Frank H. Creech, Esq., as sheriff of Barnwell County, S. C., to levy upon all the lands of Weathersbee under the mortgage of Union Mortgage, Banking and Trust Company, Limited, and of F. W. Dunton, to sell the same under the judgment of W. H. Kennedy, as plaintiff, against Allen J. Weathersbee, as defendant, in the Court of Common Pleas for Barnwell County, S. C. Under these circumstances, the Union Mortgage, Banking and Trust Company, Limited, filed its petition in the original equity suit in the United States Circuit Court for the District of South Carolina, to enjoin such sale. A rule was issued by his Honor, Judge Brawley, who is United States District Judge for South Carolina, requiring the sheriff of Barnwell County and W. H. Kennedy to show cause before him why they should not be enjoined. On the 31st December, 1899, he dismissed such petition; but on more mature reflection, on 11th January, 1900, he stayed the petition in his Court and ordered the sale to be made as required by Judge Simonton's decree. Thereafter the sales of the lands were made by the officer designated by the decretal order, and such sales were confirmed. Afterwards the Union Mortgage, Banking and Trust Company, Limited, who purchased such lands at said sale and had the Court to approve thereof, conveyed by its deed parcels of said lands to the

four defendants in the cases at bar.  The sheriff of Barnwell
County, S. C., had sold these lands to the plaintiff in the four
cases at bar, at almost a nominal bid—notice having been
given by the Union Mortgage, Banking and Trust Com-
pany, Limited, at such sale of the facts, so as to put pur-
chasers on notice of such defects.  Thereupon A. M.
Kennedy, as plaintiff, in each of the four actions, brought
suit against each of the defendants to recover possession of
the lands held by them respectively.  The defendants an-
swered, denying plaintiff's title, and setting up common
source of title through A. J. Weathersbee, the foregoing
facts under the bill in equity in United States Circuit Court
for District of South Carolina; and for a third defense, that
the judgment in the case of W. H. Kennedy *v.* A. J.
Weathersbee, in Court of Common Pleas for Barnwell
County, S. C., was at the time and prior to the sale made by
the sheriff to the plaintiff fully paid, and was no lien upon
said lands.  As was remarked by Judge Hudson in his judg-
ment, a hearing was had before him upon the pleadings and
testimony, oral and documentary.  Let us now consider the
exceptions of the appellant in their order.

*Exception 1.*  There can be no doubt, under the testimony,
that the Circuit Court of the United States for the District
of South Carolina first obtained jurisdiction of the cause
involving the mortgaged lands.  The United States Circuit
Court having first obtained jurisdiction, and it being the
law and the practice in the United States Courts that where
lands are ordered to be sold, such Court still retains jurisdic-
tion of the lands so ordered to be sold until after the sales
have been reported to that Court, and have been confirmed
by affirmative action of said Court therein.  Foster's Fed-
eral Practice, 316; 141 U. S., 543; 2 Fed. Practice, by
Foster, sec. 379.  The Circuit Judge did not err herein.
Exception is overruled.

*The second exception.*  William H. Kennedy was made a
party to the cause in equity in the United States Circuit
Court for the District of South Carolina.  It is true he did

not appear, did not answer nor demur to the bill. Once the Court obtained jurisdiction of his person, united with jurisdiction over the subject matter, such defendant was bound by every order or decree made in the cause. Any other view would sap the jurisdiction of courts of justice; for if a person, who is made a party to an action in the method pointed out in the law, choose to refuse to appear or plead to the action and he could thus avoid its jurisdiction, there would be placed a premium upon one's neglect of duty. All persons are bound to respect Courts in causes to which they are legally made parties. If a litigant would protect his legal rights, he must appear in the cause, so that he can keep himself informed either by himself or through his counsel of what transpires in the cause. This exception is overruled.

*Third exception.* We repeat, that the United States Circuit Court for the District of South Carolina continued to exercise jurisdiction even after the sale. Until the sale is reported to the Court and acted upon, that Court retains its jurisdiction. See the authorities cited under the first exception. The third exception is overruled.

*Fourth exception.* These four suits being on the law side of the Court of Common Pleas for Barnwell County, and jury trial being waived, when Judge Hudson passed upon the facts, it was beyond the power of this Court to alter his findings of fact, even if he should err therein. It is only in case of error of law that we are authorized by the Constitution of this State to interfere. The appellant is mistaken in saying that Judge Brawley had released the party, W. H. Kennedy, on the 31st December, 1899, when he refused to continue the injunction and refused the motion; he on the 11th January, 1900—an interval of eleven days—reversed in effect his order of 31st December just prior. This exception is overruled.

*Fifth exception.* It is very clear that A. M. Kennedy, at the sale of lands by Sheriff Creech, only took what title W. H. Kennedy had in the lands sold. A. M. Kennedy was at such sale notified of the defects in W. H. Kennedy's title.

If, therefore, W. H. Kennedy, as a defendant, was bound by the decree of the United States Circuit Court so that the lien of his judgment on the lands in question was adjudicated to be junior to those liens of the Union Mortgage, Banking and Trust Company, Limited, and was ordered to be foreclosed on the lands in question of any and all right of redemption in the mortgaged premises held by said W. H. Kennedy, these facts affected the alleged title of A. M. Kennedy under sheriff's sale. As before remarked, W. H. Kennedy was a party to and bound by this decree, pronounced in the United States Circuit Court. How could any purchaser at said sheriff's sale, with full notice of this disability of W. H. Kennedy to sell these lands under his junior lien, so solemnly adjudged in an action to which he was a party defendant, expect to have, or could have, a title paramount to that under which the defendants claim? This exception is overruled.

*Sixth exception.* There could be no merger of the greater and lesser estate if the Circuit Court of the United States had the right to prevent the private sale from Weathersbee to Union Mortgage, Banking and Trust Company, Limited, from being consummated. The said Court did this very thing and required the attempt at a private sale to be upset, and instead required the lands to be sold by one of its own officers, in a proceeding to which W. H. Kennedy was a party. From which there has never been any appeal by said Kennedy or any one else. This exception is overruled.

*Seventh exception.* For the same reason set out in our consideration of the sixth exception, this (7th) exception must be overruled. We have held that there is no valid sale of land under a decree in equity in the United States Circuit Court until the same is confirmed by said Court. The Court *did not* confirm said sale; on the contrary, it ordered a sale made. There is no testimony in the cause showing that this cause was marked ended in United States Court. On the contrary, the testimony of Mr. Sloan, as plaintiff's attorney (we mean attorney for Union Mortgage, Banking

and Trust Company, Limited), shows that the parties in the attempted private sale intended to apply to the said United States Circuit Court to confirm the sale, but through inadvertence always neglected to do so. This exception is overruled.

*Eighth exception.* There could not have been a merger unless the attempted private sale of Weathersbee to Union Mortgage, Banking and Trust Company, Limited, had been approved by the United States Circuit Court. This was not done. The Judge did not err, as is alleged in this exception, and it is overruled.

*Ninth exception.* We cannot adopt the view of the exception as here pointed out. The deed from Weathersbee to Union Mortgage, Banking and Trust Company, Limited, was virtually set aside by the United States Court, as not a compliance with its decree for sale of the mortgaged premises, and thereafter a sale was actually made of the mortgaged lands. The action of Judge Brawley in making an order on the 31st December, which he virtually annulled eleven days thereafter, can have no such effect as is claimed in this exception. Purchaser at the sheriff's sale was given full notice of the vice in the title of W. H. Kennedy. This exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.