MERCANTILE TRUST CO. v. TENNESSEE CENT. R. CO. MISSISSIPPI VALLEY TRUST CO. v. SAME. TENNESSEE CENTRAL R. CO. v. MISSISSIPPI VALLEY TRUST CO. et al.

Circuit Court of Appeals, Sixth Circuit. December 5, 1923.)

No. 3876.

1. Mortgages ⊙⟹526(1)—Provision in foreclosure decree held not to deprive court of its equitable discretion to require purchaser to pay taxes.

A provision in a decree for sale of property in a foreclosure suit that the purchaser should pay, in addition to the sum bid, any indebtedness or charges that might be adjudged prior to the mortgage in excess of the funds coming into the hands of the receiver *held* to leave open and within the equitable discretion of the court, on confirmation of the sale, the question who should pay the taxes on the property for the next year, which, owing to unexpected postponements of sale, attached as a lien before the sale was made, though the receiver had sufficient funds to pay them.

2. Mortgages ⊙⟹526(7)—Purchaser at foreclosure sale held bound by reservation in order of confirmation of right to determine liability for taxes.

Where the court, in a decree confirming a sale, expressly reserved the question who should pay the taxes on the property for that year, and the purchaser without objection accepted the deed and took possession of the property, he is bound by a subsequent order respecting such taxes, which related back and became a part of the decree of confirmation.

**3. Judicial sales ⬅50(2)—Doctrine of caveat emptor applies.**

At judicial sales the doctrine of caveat emptor applies, and the purchaser takes the property without recourse for taxes, liens, or other incumbrances, or defects of title, except in so far as the decrees ordering and confirming the sale otherwise provide.

**4. Courts ⬅259—Equitable jurisdiction of federal court cannot be limited by state statute.**

A state statute fixing liability for taxes on property sold under decree of court, as between purchaser and prior owner, cannot limit the equitable jurisdiction of a federal court, in its decree confirming a sale, to impose such liability on either party.

Appeal from the District Court of the United States for the Middle District of Tennessee; Edward T. Sanford, Judge.

Suit in equity by the Mercantile Trust Company, trustee, against the Tennessee Central Railroad Company, in which the Mississippi Valley Trust Company, trustee, filed a dependent bill against the same defendant. The Tennessee Central Railway Company appeals from a decree in favor of the Mississippi Valley Trust Company and others, respecting payment of taxes. Affirmed.

See, also (D. C.) 286 Fed. 425, and (D. C.) 291 Fed. 462.

Walter Stokes, of Nashville, Tenn., for appellant.

Charles N. Burch, of Memphis, Tenn. (S. R. Prince, of Washington, D. C., and A. W. Akers, of Nashville, Tenn., on the brief), for appellees.

Before DENISON and DONAHUE, Circuit Judges, and WESTENHAVER, District Judge.

DONAHUE, Circuit Judge. On May 21, 1921, the United States District Court for the Middle District of Tennessee entered a decree in a pending mortgage foreclosure proceeding, ordering the sale of all the property of the Tennessee Central Railroad Company, on June 30, 1921, and directing the special master making the sale to receive no bid less than $2,000,000. Section 21 of this decree further provided, in substance, that the purchaser at such sale would be required to pay as a part consideration, and in addition to the sum bid for the property, "any indebtedness, obligations, and liabilities, costs, and charges that may be adjudged by the court in these proceedings to be prior to the prior lien mortgage foreclosed herein," in excess of the funds coming into the receiver's hands from the proceeds of such sale and the proceeds of balances, accounts, and bills receivable.

On June 30, 1921, there being no bidders for this property, the sale was postponed until October 1, 1921. No bids being then received, the sale was postponed until December 1, 1921, and at that time, and for the same reason, the sale was again postponed until January 10, 1922. On July 13, 1921, the court modified its order by directing the special master to receive and report a minimum bid of $1,500,000. On January 10, 1922, C. M. Hovey bid $1,500,000 for this property, and on January 20, 1922, a decree was entered con-

firming the sale to Hovey, and directing that possession be given to him at midnight, January 31, 1922. The decree of confirmation contained the following clause:

"It is further ordered that the question as to who shall pay the taxes for the year 1922 is reserved."

No objections were offered and no exceptions were taken by either party to the reservation of this question for further consideration and later determination by the court. On the day following the special master executed and delivered a deed to C. M. Hovey, who accepted the same and a few days later conveyed this property to the Tennessee Central Railway Company, a corporation organized on January 26, 1922, under the laws of the state of Tennessee, and possession was delivered to that company at midnight January 31, 1922.

On December 29, 1922, the District Court coming to the determination of the question reserved in the decree of confirmation, and it appearing to the court that the receiver had been in possession and operated the railway but one month only in 1922, ordered and directed the receiver to pay out of the funds in his hands one-twelfth of the 1922 taxes, and that the purchaser take this property subject to the lien for the balance of the taxes for that year, to which order and decree the Tennessee Central Railway Company excepted. It is admitted that there are sufficient funds in the possession of the receiver to pay and discharge all liens entitled to priority over the prior mortgage, including all the taxes for 1922.

[1] The sole question presented by this appeal is whether the highest bidder for this property at this judicial sale was entitled, upon confirmation of the sale to him, to an order directing the receiver to pay out of the purchase price and other funds in his hands all of the taxes for 1922. It is insisted upon the part of the appellant that the lien of taxes for 1922 had attached to the property by operation of law prior to the confirmation of sale, and should therefore be included in the debts, obligations, and liabilities to be paid by the receiver to the extent of the funds in his possession, as provided in section 21 of the original decree ordering the sale and the modification thereof made and entered on July 13, 1922.

The District Court, in disposing of this question, expressly held that the decree of sale did not provide that the property should be sold free from the lien of taxes, either expressly or by necessary implication; that section 21 of the decree had no reference to taxes; that the same clause was repeated in the decree confirming the sale; and that no suggestion was then made that taxes were included therein, but, on the contrary, the question of liability for taxes was informally presented on an entirely different ground and specifically reserved in the same decree.

In reply to this statement by the court, it is urged on behalf of appellant that the court must have understood that paragraph 21 included taxes, for the reason that taxes for 1920 and 1921 were ordered paid, and were paid, out of the proceeds arising from the sale. This argument, however, overlooks the fact that, regardless of whether

section 21 of the decree ordering sale included taxes either specifically or by implication, the court had the authority to order the payment of the taxes that had accrued in 1920 and 1921, out of the proceeds of the sale, if, in the opinion of the court, the payment thereof by the receiver was just and equitable.

The original decree ordering a sale was entered in May, 1921, and was, no doubt, based upon existing conditions, and contemplated the sale of the property long before the lien of taxes for 1922 would attach. When the question of confirming the sale was presented to the court, the situation was materially changed by the fact that the lien for the 1922 taxes had attached, although the receiver at that time had operated this property but 20 days in the year 1922. Regardless of what construction should be given to paragraph 21 of the original or modified decree ordering sale, there is nothing in that section, or in any other part of either the original or modified decree, that would preclude the court from meeting the situation as it then existed, and annexing to the confirmation of sale in 1922 whatever terms and conditions in its discretion seemed just and proper, even though the conditions and terms imposed by the confirmation would justify the purchaser in refusing to accept the property.

In Olcott v. Headrick, 141 U. S. 543, 547, 12 Sup. Ct. 81, 35 L. Ed. 851, the decree ordering sale provided that the purchaser should pay all claims, debts, and demands accruing during the receivership, presented within six months after the confirmation of the sale. The decree confirming the sale required the purchaser to pay all debts of whatsoever nature incurred by the receiver, and which remained unpaid at the termination of the receivership. The purchaser did not object to the terms of the decree confirming the sale. The Supreme Court held that it was within the discretion of the court, upon confirmation of the sale, to abrogate the six-months limitation for the presentation of claims, and that the purchaser, having accepted a deed under that decree of confirmation, could no longer rely upon the terms and conditions written into the decree ordering the sale.

[2] Upon the hearing of the motion to confirm this sale, the question presented was not a question of the legal liability of the receiver or the purchaser under the Tennessee statute, but, on the contrary, was a matter within the sound equitable discretion of the court. While the court did not then direct that the purchaser would be required to pay the taxes for that portion of 1922 during which he was in possession of the property and operating the railway, nevertheless it did reserve that question and later made such an order, which order relates to and becomes a part of the decree of confirmation.

If it was the intention and purpose of the highest bidder to insist upon the same construction of section 21 of the original order of sale as now urged by his successor in title, it was his duty to have that question determined prior to the acceptance of the deed, and, if determined adversely to him, either to appeal or decline to be bound by the sale, on the ground that the court's refusal to direct the receiver to pay all of the 1922 taxes was a substantial variance from the terms and conditions of the decree ordering the sale. On the con-

trary, without objection or claim at that time that the lien for taxes for 1922 was included in section 21 of the decree ordering sale, and without exception to the reservation of the question of taxes for 1922 for the future consideration of the court, he accepted the deed for the property under the terms and conditions of the order confirming the sale, and almost immediately thereafter conveyed whatever title he acquired thereby to this appellant.

It is said, however, that reservation of this question for future disposition by the court reserved only the question of the legal liability for the payment of the 1922 taxes, and was not a reservation of the equitable jurisdiction or discretion that might have been exercised by the court at the time the sale was confirmed. Nevertheless the language used did reserve to the court full equitable jurisdiction to determine and adjudge the question so reserved, and the purchaser took the property subject to whatever order the court might make in reference thereto. Nor is it important that, preliminary to the final order, the court expressed the view that the question had been retained for the purpose of determining the legal liability. The fact remains that the court did apply equitable principles to the disposition of the question, and the final conclusion of the court evidenced by the decree entered in this case is controlling, in so far as the opinion of the trial court can aid this court in construing the meaning and effect of the reservation clause of the decree confirming the sale.

[3] Even if the question were one to be determined by the application of legal principles only, the result could not be different. At judicial sales the doctrine of caveat emptor applies, and such sale imports no warranty of title. On the contrary, the purchaser takes the property without recourse for taxes, liens, or other incumbrances or defects in the title, except in so far as the decree ordering the sale and the decree confirming the sale otherwise provides. Osterberg v. Union Trust Co., 93 U. S. 424, 23 L. Ed. 964; Railway Co. v. Harrison, 96 Fed. 907, 910, 37 C. C. A. 615; Baltimore Trust Co. v. Hofstetter, 85 Fed. 75, 79, 29 C. C. A. 35; Union Trust Co. v. Great Eastern Lumber Co., 248 Fed. 46, 160 C. C. A. 186.

While conceding this rule applies in the federal jurisdiction, appellant insists that section 21 of the decree ordering the sale did provide for the payment of the lien of the 1922 taxes out of the purchase price. This court is of the opinion that this paragraph of the decree, even if it should be construed as including taxes for 1920 and 1921, then a lien, did not specifically, nor by implication or intendment, include the lien of taxes for 1922 that attached by operation of law long after the decree was entered, and that, even if section 21 of that decree should be so construed, the court had full authority and discretion to impose, in the decree confirming the sale, the condition that the purchaser should pay these taxes, with the right to the purchaser, who until the sale was confirmed occupied no legal status other than that of highest bidder, to refuse to accept the property and insist upon being relieved from his bid. Olcott v. Headrick, supra.

[4] It is further claimed on behalf of the petitioner that, even if the decree of sale did not so provide, the Tennessee statute in reference to the payment of taxes whenever real estate is sold under decree of court establishes a rule of property obligatory upon the federal courts. This statute (Acts Tenn. 1871, c. 68, p. 59) is directed specifically to sales of real estate "under a decree of any court in the state" and imposes duties upon the judge of the state court that the Legislature of a state cannot impose upon federal judges. Railway Co. v. Vickers, 122 U. S. 360, 7 Sup. Ct. 1216, 30 L. Ed. 1161; Dodge v. Tulleys, 144 U. S. 451, 457, 12 Sup. Ct. 728, 36 L. Ed. 501; Tullock v. Mulvane, 184 U. S. 497, 22 Sup. Ct. 372, 46 L. Ed. 657; Bein v. Heath, 53 U. S. (12 How.) 168, 13 L. Ed. 939.

The federal courts are vested with full equitable jurisdiction and discretion to fix the terms of sale and impose conditions in the decree confirming the sale, and this equitable jurisdiction must be exercised uniformly throughout the United States. This equitable jurisdiction cannot be limited or controlled by a state Legislature. Gamewell Fire Alarm Tel. Co. v. City of New York (C. C.) 31 Fed. 313; U. S. v. Howland, 17 U. S. (4 Wheat.) 108, 4 L. Ed. 526.

For the reasons stated, the judgment of the District Court is affirmed.