## PEOPLE OF STATE OF NEW YORK v. HOPKINS et al.

Circuit Court of Appeals, Second Circuit.
April 4, 1927.

No. 311.

1. Motions ⬅64—Order limiting time for filing claims held not to preclude state from thereafter filing claim for taxes.

After appointment of receiver on creditors' bill, order limiting time within which creditors should file claims *held* not to preclude state from subsequently presenting claim for taxes.

2. Motions ⬅64—Default order, adjudging that state had no claim for taxes, held not bar to subsequent presentation of claim by state.

In receivership proceeding, order directing receiver to accept offer to purchase remaining assets and make final distribution, reciting that state had no claim of any nature, kind, or description for taxes against the insolvent estate, being in the nature of a default order, *held* not a bar to state's subsequent presentation of

claim for taxes by an order for receivers to show cause why they should not accept proofs of claim.

**3. Bankruptcy ⬤═346—Receivers ⬤═153— Franchise taxes, due when bankruptcy or receivership proceedings are started, are entitled to priority.**

Franchise taxes, if due when bankruptcy or receivership proceedings are started, are claims entitled to priority in payment out of the estate.

**4. Taxation ⬤═87—Receiver's custody does not give property immunity from property taxes.**

Custody of receiver should not give property of insolvent estate immunity from liability for property taxes.

**5. Taxation ⬤═87—Property in hands of receiver held liable for past-due "franchise taxes," under New York Tax Law (Tax Law N. Y. §§ 209, 214).**

Receiver's custody of property of insolvent estate *held* not to give it immunity from liability for franchise taxes, under Tax Law N. Y. §§ 209, 214; franchise taxes being construed as a tax on the privilege of continued existence as a corporation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Franchise Tax.]

Appeal from the District Court of the United States for the Southern District of New York.

Creditors' bill against the Bradley Contracting Company, wherein Stephen U. Hopkins and others were appointed receivers. From an order denying the motion of the People of the State of New York, and vacating order to show cause why receivers should not accept proofs of claim for franchise taxes, the People of the State of New York appeal. Order reversed, with directions.

Upon a general creditors' bill, filed in the District Court in 1918, receivers were appointed and took possession of the property of the Bradley Contracting Company. Thereafter, on November 6, 1918, the court passed an order limiting the time within which creditors should file claims. The state of New York presented its claim for franchise taxes for the years 1919 and 1920, to which objections were filed by the receivers, and, after hearing, the claim was disallowed. Meanwhile, the administration of the estate has proceeded, and notice of the various proceedings have been served upon the state comptroller.

On August 12, 1926, Judge Knox entered a decree which ordered, among other things, that the receivers accept an offer of the National City Bank and other creditors to purchase, for the benefit of all creditors wishing to participate, the remaining assets of the estate, that the receivers' final report be allowed, and that, upon complying with the various provisions of the order and making final distribution of all funds in their hands, the receivers be discharged. The order also contained the following paragraph:

"That it be and it hereby is determined that neither the government of the United States nor the state of New York has any claim of any nature, kind, or description for taxes against the estate herein, against the receivers herein or against the receivers individually."

Notice of the intention to procure such order had been given to the comptroller of the state of New York, but the state did not appear.

On August 20, 1926, without moving for reargument, vacation, or review of Judge Knox's order of August 12th, the state of New York applied to another judge and obtained the entry of an order directing the receivers to show cause why they should not accept proofs of claim for annual franchise taxes for the six years from November 1, 1920, to October 31, 1926, and staying the distribution of funds in the hands of the receivers. Cause was shown on November 18, 1926, and the District Court ordered that the motion made under the order to show cause be denied and the said order itself be vacated. From such order the state has appealed.

Albert Ottinger, Atty. Gen. of State of New York (William Matthews and Robert P. Beyer, Deputy Attys. Gen., of counsel), for the People of State of New York.

Leo Oppenheimer, of New York City (Milton P. Kupfer, of New York City, of counsel), for receivers.

Before MANTON, HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). **[1]** Assuming for the moment that the franchise taxes are valid claims against assets in the hands of the receiver, was the state of New York precluded from asserting these claims because of the prior orders entered in the proceedings? It is clear that the general order of November 6, 1918, limiting the time within which creditors should file claims, would not preclude the state from subsequently presenting its claim for taxes. Employers' Liability Assur. Corporation v. Astoria Mahogany Co., 6 F.(2d) 945 (C. C. A. 2). As there explained, the effect of such so-called bar order is merely to protect the receiver in making distribution without regard to possible claims of creditors

who have failed to file them. If, before distribution is actually made, a creditor appears and satisfies the court that he is justly entitled to share in the assets on hand, his delay in presenting the claim should not bar him unless some one has been injuriously misled thereby. See People v. Security Ins. Co., 79 N. Y. 267. The mere disappointment of the receiver or of other creditors or of the promoters of a reorganization plan in finding that an unexpected claim exists is not sufficient reason to exclude the tardy claimant. Particularly should this be true with respect to taxes. The assets are still in custodia legis and should bear their share of the public dues despite the state's delay in asserting its claim.

[2] The next inquiry is whether the state is barred by the order of August 12, 1926, which expressly adjudged that the state had no claim. In the case of In re Anderson, 279 F. 525, this court held that in bankruptcy proceedings the sovereign might be summoned to prove its claim for taxes within a time or otherwise be barred, to the end that settlement of the estate be not unreasonably delayed. Whether a similar order in receivership proceedings would be equally effective need not be now considered. The order of August 12, 1926, assuming that notice to the state comptroller was sufficient notice to the state, was at best a default order. It could be vacated on adequate showing. So the problem really comes down to the issue whether the state must move to vacate the order of August 12th, or may apply directly for an order on the receiver to show cause why its claim for taxes should not be received. The application was made within eight days of the entry of the order of August 12th. It appears from the record that until August 10th the state tax commission did not receive notice from the state comptroller of the order nisi upon which the state's default was entered. The assets still remained in the hands of the receiver. Had a motion to vacate been made, we think it should have been granted, and it seems to us immaterial that the state presented its claim by an independent application instead of by a motion to vacate.

The order appealed from must, therefore, be reversed, unless it appears that the state has no valid claim for taxes.

[3] The franchise tax obligations which are asserted are imposed by section 209, and computed according to section 214 of article 9-A of the Tax Law (Consol. Laws, c. 60). It has been authoritatively determined that franchise taxes, if due when bankruptcy or receivership proceedings are started, are claims entitled to priority in payment out of the estate. New York v. Jersawit, 263 U. S. 493, 44 S. Ct. 167, 68 L. Ed. 405; Marshall v. New York, 254 U. S. 380, 41 S. Ct. 143, 65 L. Ed. 315. The taxes in question cover years long subsequent to the appointment of the receiver, and this fact the receiver presses upon us in resisting the state's claim.

[4, 5] With respect to property taxes, it is perfectly obvious that the custody of the receiver should not give the property immunity from taxation. The Supreme Court has stated, with reference to bankruptcy, that there is nothing in the dedication of property to the payment of creditors which withdraws it from the necessity of protection by the state and municipality, or exempts it from its obligations to either. Swarts v. Hammer, 194 U. S. 441, 24 S. Ct. 695, 48 L. Ed. 1060. This reasoning is equally apposite to a chancery receivership, and there is no lack of authority on the point. Coy v. Title Guarantee & Trust Co., 220 F. 90, L. R. A. 1915E, 211 (C. C. A. 9). With respect to franchise taxes, the result should be the same, and is, when the statute is construed as a tax upon the privilege of continued existence as a corporation. New Jersey v. Anderson, 203 U. S. 483, 27 S. Ct. 137, 51 L. Ed. 284. When the statute is construed as a tax upon the privilege of exercising the corporate franchise—that is, of continued operation of the corporate business—franchise taxes subsequent to the receivership are usually upheld if in fact the receiver has continued the business. Bright v. Arkansas, 249 F. 950 (C. C. A. 8); McFarland v. Hurley, 286 F. 365 (C. C. A. 5); Ohio v. Harris, 229 F. 892 (C. C. A. 6). Compare United States v. Whitridge, 231 U. S. 144, 34 S. Ct. 24, 58 L. Ed. 159.

In New York v. Jersawit, supra, Mr. Justice Holmes expressed the opinion that the tax levied under section 209 is a tax upon the privilege conferred, not upon the actual exercise of it. No decisions by the courts of the state of New York have been called to our attention, nor have we found any, which throw doubt upon the accuracy of this interpretation of the statute. See Cayuga & S. R. R. Co. v. Del. L. & W. R. R. Co., 215 App. Div. 429, 213 N. Y. S. 586 (construing section 182 similarly). Consequently, we are of opinion that the taxes assessed against the corporation during the years in question were valid taxes, which must be paid by the receivers in priority to general debts.

The order is reversed, with directions to the receivers to accept and allow proofs of claim of appellant.