## UNITED STATES v. ELLIOTT.
### No. 5815.

Circuit Court of Appeals, Sixth Circuit.
April 15, 1932.

M. W. Moore, of Covington, Ky., and G. W. Young, of Washington, D. C. (Sawyer A. Smith, of Covington, Ky., on the brief), for the United States.

LeWright Browning, of Ashland, Ky. (Browning & Davis, of Ashland, Ky., on the brief), for appellee.

Before MOORMAN and HICKS, Circuit Judges, and NEVIN, District Judge.

HICKS, Circuit Judge.

Alexander Varney died prior to 1924. Pricy A. Varney is his widow. On August 3, 1925, she was adjudged a bankrupt. Appellee Elliott was appointed trustee of her estate. On May 12, 1927, the Commissioner of Internal Revenue filed with Elliott, as receiver of the estate of Alexander Varney, a claim for income and profits taxes for the years 1919 to 1924, inclusive. From the ensuing correspondence it developed that Elliott was not receiver of the estate of Alexander Varney, but a question arose as to whether the taxes claimed were chargeable to the estate of Pricy A. Varney. Whereupon, on June 28, 1927, the trustee filed a petition in the bankruptcy court for an order barring the United States from participation in the estate upon any claim for taxes for the years in question; or, in the alternative, directing it to file its claim on or before a day certain.

Upon consideration of this petition, the referee ordered that the United States file any claim seeking taxes out of the estate of Pricy A. Varney on or before September 1, 1927, and further ordered that, if such claim should not be filed by that date, the United States would be barred from participating in the estate. The collector was served with a copy of this order.

At the instance of the Commissioner, an investigation made in March, 1929, disclosed that Pricy A. Varney, herself, had failed to file returns of income for the years 1918 to 1925, inclusive. Whereupon the Commissioner filed returns for her and made special assessments against her (title 26, § 97, U. S. C. [26 USCA § 97]), for those years

in the aggregate sum of $5,752.18, and on March 21, 1929, the collector filed a claim therefor in the bankruptcy court against her estate and sought priority of payment under § 64a and § 64b (7) of the Bankruptcy Act, 11 USCA § 104 (a), (b) (7). The trustee moved to strike this claim upon the ground that it was barred by the order of June 28, 1927. The referee sustained the motion, and his action was confirmed.

Neither the amount nor legality of the claim was questioned, and at the time it was stricken there remained in the court, undistributed, funds sufficient for its payment. We think the court erred in disallowing the filing of the claim. We do not think that the right of the government to file its claim and have it considered on its merits by the court was unconditionally destroyed by the bar order. Such orders were sustained in In re Anderson, 279 F. 525, 527 (C. C. A. 2) and in In re Stavin, 12 F.(2d) 471, 473 (D. C.). They lie in the inherent power of the court. They are analogous to the usual orders in creditors' suits and insolvent proceedings in chancery whereby claimants are required to come in within a limited period or be excluded from participation in assets. Daniels Chancery Practice, 4th American Ed., Vol. II, p. 1204.

But such orders in bankruptcy are within the control of the court until the termination of the case and may be revoked if no one suffers injury thereby. In re Ives, 113 F. 911, 913 (C. C. A. 6); see, also, People v. Hopkins, 18 F.(2d) 731, 733 (C. C. A. 2). We think the circumstances here call for an application of this principle. The fund being in court, the taxes may yet be paid and the trustee have credit therefor, as provided by section 64a, Bankr. Act. Creditors acquired no vested interest in the fund in virtue of the bar. The order was intended only to hasten the winding up of the estate and to protect the trustee in its distribution. In re Anderson, supra, page 529 of 279 F.; People v. Hopkins, supra. It has been the practice of equity courts to abrogate the time limit for filing claims where a reasonable explanation is offered for failing to comply and to let in claimants upon such terms as might be imposed as long as the fund is in court. Daniels Chy. Pl. & Prac., supra, p. 1205; In the Matters of Howard, 9 Wall. (76 U. S.) 175, 184, 19 L. Ed. 634; Johnson v. Waters, 111 U. S. 640, 674, 4 S. Ct. 619, 28 L. Ed. 547; Olcott v. Headrick, 141 U. S. 543, 548, 12 S. Ct. 81, 35 L. Ed. 851; Grinnell v. Merchants'

Ins. Co., 16 N. J. Eq. 283, 284; Brooks v. Gibbons, 4 Paige (N. Y.) 374; Burchard v. Phillips, 11 Paige (N. Y.) 66; see, also, Wechsler v. U. S., 27 F.(2d) 850, 851 (C. C. A. 3); U. S. v. Birmingham Trust & Savings Co., 258 F. 562, 564 (C. C. A. 5). We do not think that the government in seeking to collect taxes should be treated with less favor than general creditors. In this case it could not have presented its claim before the expiration of the limited period because the taxes were not assessed until afterward. In this respect the case differs from In re Anderson, supra, relied upon by appellee, but is similar to In re Bates Machine & Tractor Co., 8 F.(2d) 424, 425 (D. C.), cited by appellant.

We recognize that the assessment was not made nor the claim presented until about a year and a half after the prescribed period, but it must be remembered that the assessment was upon a return made by the Commissioner after an independent investigation of the affairs of the bankrupt and because of her default. If laches should be attributed to the revenue agents of the government under such circumstances, it should not be imputed to the government itself in a case involving its pecuniary interests. San Pedro & Canon Del Agua Co. v. U. S., 146 U. S. 120, 135, 13 S. Ct. 94, 36 L. Ed. 911; U. S. v. Beebe, 180 U. S. 343, 354, 21 S. Ct. 371, 45 L. Ed. 563; U. S. v. Michigan, 190 U. S. 379, 405, 23 S. Ct. 742, 47 L. Ed. 1103.

The order of the District Court is reversed, and the case remanded, with directions to reverse the order of the referee and allow the presentation of the claim.