### In re BANNER BREWING CO.
### No. 5943.

District Court, E. D. Michigan, N. D.
Sept. 23, 1938.

Sydney DeYoung, of Detroit, Mich., for trustee.

Peter P. Gilbert, Asst. U. S. Atty., of Detroit, Mich. (Arnold W. Lungerhausen, Deputy Collector of Internal Revenue, of Detroit, Mich., of counsel), for petitioner.

TUTTLE, District Judge.

On January 3, 1938, the debtor corporation filed its petition for reorganization under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. This Court, on May 24, 1938, finding it impossible to reorganize the corporation and that the corporation was insolvent, entered an order directing the trustee to liquidate and distribute the company's assets. The assets have all been liquidated. The proceeds have not been distributed, but are held by the trustee pending proper order of this Court as to distribution. In addition, the order of May 24, 1938, provided that all claims of creditors were to be filed on or before June 23, 1938, and that "any claim of any Federal, State, County or City .government agencies for any tax, penalty, or debt due by the debtor shall be filed as hereinbefore stated on or before June 23, 1938, and failure to file such claims shall forever bar said government agencies from their claims against the debtor."

It appears that some time prior to the date of entering the aforesaid order, duplicate returns for taxes due from the debtor corporation under title 9 of the Social Security Act, 42 U.S.C.A. § 1101 et seq., for the years 1936 and 1937 were signed by the permanent trustee of the said corporation and filed with a deputy collector of internal revenue for the District of Michigan. It further appears that at that time the said trustee, in response to a demand for payment of the corporation's 1937 capital stock tax assessment, advised that a formal proof of claim therefor should be filed in this proceeding.

The United States did not file its claim for the aforesaid outstanding 1937 capital stock and 1936 and 1937 social security taxes before the date set in the so-called "bar order". It has petitioned this Court to enter an order permitting it to file its . claim and be heard on the merits despite the limitation contained in the aforesaid order.

In the able brief filed in support of its petition, counsel for the United States argue that it is not only entitled to the entry of the order petitioned for but that, under the existing facts, it is properly entitled to the entry of an order directing the trustee to pay the aforesaid taxes forthwith. Counsel argue that the trustee's actual knowledge of the taxes claimed was sufficient to charge him with the duty of payment and that the filing of a proof of claim therefor is not a prerequisite, citing In re Servel, 45 F.2d 660, D.C.E.D. Idaho 1930, In re Chandler Motors of New England, Inc., 17 F.2d 998, D.C.Mass. 1926, and In re Kallak, 147 F. 276, D.C. N.D.1906.

Notice is taken of the argument without further considering it, inasmuch as the primary question appears to be whether or not the United States is entitled to the

entry of an order permitting it to file its late claim and be heard on the merits thereof.

Section 64a of the Bankruptcy Act of 1898, as amended, 11 U.S.C.A. § 104(a), provides that:

"The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, State, county, district, or municipality, in the order of priority as set forth in paragraph (b) hereof: Provided, That no order shall be made for the payment of a tax assessed against real estate of a bankrupt in excess of the value of the interest of the bankrupt estate therein as determined by the court. Upon filing the receipts of the proper public officers for such payments the trustee shall be credited with the amounts thereof, and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court."

As a general rule the United States is entitled to file its claim for taxes at any time during the pendency of a bankruptcy proceeding and before distribution of the estate. In re J. Menist Co., 2 Cir. 1923, 294 F. 532; United States v. Birmingham Trust & Savings Co., 5 Cir. 1919, 258 F. 562; In re Prince & Walter, D.C.1904, 131 F. 546, and In re Stoever, D.C.1904, 127 F. 394.

The "bar order" technique in respect to tax claims was a natural development. It was designed to accomplish two objects, to remedy two weaknesses evident in the application of the general rule, supra. It was developed, first, to permit an uninterrupted expeditious administration of a bankrupt's estate, and, second, to protect the trustee of such estate from liability to tax claimants in distributing assets in the course of his administration thereof. The technique is an extension of the policy followed in equity receiverships and has been considered in much detail in the Second Circuit. See In re Anderson, 2 Cir. 1922, 279 F. 525, In re Morgenstern & Co., 2 Cir.1932, 57 F.2d 163, and In re Swan, 2 Cir.1936, 82 F.2d 160.

In the case of United States v. Elliott, 6 Cir.1932, 57 F.2d 843, the Circuit Court of Appeals for this Circuit discussed the theory as follows [page 844]:

"* * * We do not think that the right of the government to file its claim and have it considered on its merits by the court was unconditionally destroyed by the bar order. Such orders were sustained in Re Anderson, 279 F. 525, 527 (C.C.A.2) and in Re Stavin, 12 F.2d 471, 473 (D.C.). They lie in the inherent power of the court. They are analogous to the usual orders in creditors' suits and insolvent proceedings in chancery whereby claimants are required to come in within a limited period or be excluded from participation in assets. Daniels Chancery Practice, 4th American Ed., Vol. II, p. 1204.

"But such orders in bankruptcy are within the control of the court until the termination of the case and may be revoked if no one suffers injury thereby. In re Ives, 113 F. 911, 913 (C.C.A.6); see, also, People v. Hopkins, 18 F.2d 731, 733 (C.C.A.2). We think the circumstances here call for an application of this principle. The fund being in court, the taxes may yet be paid and the trustee have credit therefor, as provided by section 64a, Bankr. Act. Creditors acquired no vested interest in the fund in virtue of the bar. The order was intended only to hasten the winding up of the estate and to protect the trustee in its distribution. In re Anderson, supra, page 529 of 279 F.; People v. Hopkins, supra. It has been the practice of equity courts to abrogate the time limit for filing claims where a reasonable explanation is offered for failing to comply and to let in claimants upon such terms as might be imposed as long as the fund is in court. Daniels Chy. Pl. & Prac., supra, p. 1205; In re Howard, 9 Wall. (76 U.S.) 175, 184, 19 L.Ed. 634; Johnson v. Waters, 111 U.S. 640, 674, 4 S.Ct. 619, 28 L.Ed. 547; Olcott v. Headrick, 141 U.S. 543, 548, 12 S.Ct. 81, 35 L.Ed. 851; Grinnell v. Merchants' Ins. Co., 16 N.J.Eq. 283, 284; Brooks v. Gibbons, 4 Paige (N.Y.) 374; Burchard v. Phillips, 11 Paige (N.Y.) 66; see, also, Wechsler v. U. S., 27 F.2d 850, 851 (C.C.A. 3); U. S. v. Birmingham Trust & Savings Co., 258 F. 562, 564 (C.C.A.5). We do not think that the government in seeking to collect taxes should be treated with less favor than general creditors."

In the instant case, the United States was unable to file its claim for taxes within the time provided for in the "bar order". It is unreasonable to hold that its sovereign rights were thus irretrievably lost, inasmuch as no one has been shown to have been injuriously misled by its failure to

file and the trustee still has undistributed assets in his possession. The bankruptcy court, it must be remembered, is a court of equity. In re Wolf Mfg. Industries, 7 Cir.1932, 56 F.2d 64. The language of the applicable statute (Section 64a, Bankruptcy Act), that "in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court," connotes a hearing on the merits of the government's claim for taxes. In re Sheinman, 14 F.2d 323, D.C.E.D.Pa.1926.

This Court concludes that the entry of the so-called "bar order" in the instant case permitted a continuing administration and liquidation without a resulting liability on the part of the trustee to the United States for any distribution made by him during the period between the "bar date" and the date on which its claim for the taxes detailed in its petition may be allowed. Although the United States lost its rights to priority as to assets distributed during the aforesaid period and may not hold the trustee liable therefor, it cannot be denied the right to file its claim for taxes, be heard on the merits thereof and permitted to participate as a preferred creditor in the disposition of the remaining assets to the extent that its claim may be allowed.

An order will be entered allowing the United States to file its claim for taxes in accordance with its petition.