THE CAYUGA AND SUSQUEHANNA RAILROAD COMPANY, Plaintiff, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Defendant.

First Department, February 5, 1926.

Railroads — leases — lease by plaintiff to defendant of all its property, rights, privileges and franchises — defendant agreed to pay all taxes assessed upon property — tax imposed under Tax Law, § 182, on plaintiff for privilege of exercising franchise must be paid by defendant under terms of lease — said right to exercise franchise is subject of tax and is assignable.

The defendant railroad corporation, which leased from the plaintiff railroad corporation all its property, rights, privileges, immunities and franchises, is obligated, under a provision in the lease requiring the defendant to pay all taxes assessed against the property of the plaintiff, to pay a tax assessed by the State on the plaintiff under section 182 of the Tax Law for the privilege of exercising its franchises, for the clear intention of the lease, aided by the practical interpretation thereof by the defendant, who paid the taxes for many years, is that the tax provision in the lease is not limited to the payment of taxes on tangible property.

**430** Cayuga & S. R. R. Co. *v.* Delaware, L. & W. R. R. Co.

First Department, February, 1926. [Vol. 215

The contention by the defendant that the tax is imposed for the granting of the franchise cannot be sustained, for the tax is imposed for the right or privilege to exercise the franchise and may be imposed whether or not that right or privilege is exercised.

The privilege of exercising corporate franchises is property in the nature of an incorporeal hereditament subject to assignment and is covered by the language of the lease.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*Geller, Rolston & Blanc [Frederick Geller* of counsel; *Richard J. Turk, Jr.,* with him on the brief], for the plaintiff.

*Douglas Swift,* for the defendant.

McAVOY, J. The question submitted arises from a clause in a lease between the parties which plaintiff contends requires the defendant to pay the tax assessed against the plaintiff under section 182 of the Tax Law, which section is contained in chapter 62 of the Laws of 1909, as amended. (See Tax Law, § 182, as amd. by Laws of 1922, chap. 408, and Laws of 1924, chap. 332.) The defendant has paid the tax for the years 1880 to 1923, inclusive; but in April, 1924, it wrote the plaintiff stating that it found from an examination of the lease that there is no obligation on the part of the Delaware, Lackawanna and Western Railroad Company, as lessee, to pay the tax, and that this company had been assuming the payment of this tax in error. It asserted: " While we have no desire to recover from your company the amounts paid in past years, we feel that the present tax and future taxes of this character should be assumed by your company in accordance with the lease."

Plaintiff thereafter paid this tax in May, 1924, under protest, in order that there should be no default, and without prejudice to its right, but requested defendant to pay the tax under the terms of the lease. The covenant containing the provision requiring the payment of taxes is as follows: " And the said parties of the second part do hereby for themselves, their successors and assigns, further covenant and agree to and with the said parties of the first part, their successors and assigns, from time to time, and at all times during the continuance of this agreement, to pay and discharge, or cause to be paid and discharged, all taxes, assessments, charges and impositions, which shall or may be taxed, assessed, charged or imposed upon the premises and property hereby demised, or upon any part or parcel thereof, whenever the same shall become due and payable."

The words upon which the controversy hinges are " all taxes * * * assessed * * * or imposed upon the premises and

property hereby demised." Such premises and property concededly included plaintiff's entire railroad with the appurtenances. The description of the premises and property demised by the lease is found in the following clause: " The railroad of the said parties of the first part, known and distinguished by the name of ' The Cayuga and Susquehanna Rail Road,' commencing in or near the town of Owego, in the County of Tioga, and State of New York, and running thence into and through the town of Ithaca, in the County of Tompkins, and State last aforesaid, to the Cayuga Lake; together with all and singular, the road bed of said railroad, and the land on either side thereof belonging to the said parties of the first part, and also all the iron rails and superstructure of the said railroad, bridges, roadway, stations, depots, engine houses, car houses, machine shops and coal yards, with the appurtenances, and also the docks, wharfage, buildings, lands, rights and privileges belonging to or enjoyed by the said parties of the first part, at the village of Cayuga, near the Cayuga bridge. Hereby vesting in the said parties of the second part, their successors and assigns, during the continuance of this lease, all and singular the said property and premises hereinbefore described, or intended so to be, together with all other real estate, rights, privileges, immunities and franchises belonging to, or enjoyed and held by the said parties of the first part, in the counties of Tioga, Tompkins and Cayuga, in the State of New York, in any way connected with or appertaining to the said railroad, or the carrying on and conducting the business thereon, and on the said Cayuga Lake, in connection therewith."

We think that it is apparent from the context of the foregoing clause that the tax imposed upon the plaintiff under section 182 of the Tax Law is reasonably to be construed as assessed upon a part of the premises and property demised and is properly payable by the lessee company as part of its obligation under the lease.

The tax which defendant resists paying is that imposed upon all domestic corporations for the privilege of exercising their corporate franchises. The lease covers in its terms of inclusion, *in hæc verba,* the " franchises belonging to, or enjoyed and held by the said parties of the first part, in the counties of Tioga, Tompkins and Cayuga, in the State of New York, in any way connected with or appertaining to the said railroad, or the carrying on and conducting the business thereon, and on the said Cayuga Lake, in connection therewith."

Although defendant contends that the tax on the plaintiff is not a tax assessed strictly on the premises and property demised to the defendant, nor a tax for the privilege of conducting the business of the railroad, yet defendant has been paying this tax

for a period of over forty-three years, and this action of defendant is asserted by plaintiff to be a practical construction of the parties' intention as to what the phrase meant, which ought not now to be disturbed by a construction relieving defendant of the impost. Mere practical construction, however, would yield to the actual language of the instrument under which demand for payment is made, if nothing of ambiguity appeared in the phrasing.

We think, however, that the franchises mentioned in the lease, which are the subject of transfer to the lessee company, include the franchise or privilege of exercising the corporate powers conferred on plaintiff by the State, and do not embrace the franchise of merely being or existing as a corporate body. The privilege of exercising corporate franchises is that for which the State requires this annual tax. The Tax Law does not make the payment of a tax for these franchises dependent upon their exercise. The mere right or privilege of exercising them, possessed by the corporation, subjects it to the tax. The privilege of exercise of this corporate franchise, which the plaintiff corporation possessed, has been granted to the defendant company through the transfer effected by the lease. The tax is not imposed under the assessment for the granting of the mere franchise to be a corporation, and, therefore, the argument of the defendant that since this nude franchise to be a corporation is incommunicable, it cannot pass by assignment, is ineffective. The privilege of exercising plaintiff's corporate franchises is property in the nature of an incorporeal hereditament and is covered by the quoted language of the lease whence rises the dispute, and since the tax is under this construction assessed against property demised to the lessee, it is payable by such lessee.

Judgment should be given for the plaintiff according to the terms of the submission, that is, that judgment be made directing the defendant to pay over to the plaintiff the amount of the tax, described heretofore, paid by plaintiff, to wit, $1,178.22, together with interest thereon from May 6, 1924, but without costs.

Clarke, P. J., Dowling, Merrell and Burr, JJ., concur.

Judgment directed for plaintiff according to terms of submission, directing defendant to pay over to plaintiff the amount of the tax paid by plaintiff, to wit, $1,178.22, together with interest thereon from May 6, 1924, without costs. Settle order on notice.