## McKINNEY, MARSH & CUSHING, Inc., v. JACKSON HEALTH RESORT, Inc.

### No. 1215.

District Court, W. D. New York.

Feb. 16, 1932.

Botsford, Mitchell, Albro, & Weber, of Buffalo, N. Y. (Preston M. Albro, of Buffalo, N. Y., of counsel), for receivers.

Joseph Schultz, of New York City, for purchaser of Physical Culture Hotel, Inc.

ADLER, District Judge.

This is a motion by the equity receivers of the defendant corporation to compel the purchaser of the property of the defendant to pay to the state of New York a franchise tax dating from the 1st day of June, 1928.

I will first determine whether a franchise tax is due at all.

The purchaser of the property contends that no tax is due, and in fact the state of New York from the 1st day of June, 1928, has assessed the receivership under section 182 of the Tax Law (Consol. Laws N. Y. c. 60), being a corporation solely engaged in holding real estate. It seems that all sides are in agreement that the receivers, from the above date, held the property only for the purpose of sale and did not exercise any corporate function; that is did not carry on the business of the Jackson Health Resort.

In the case of People v. Hopkins, 18 F. (2d) 731, 733, the Second Circuit Court of Appeals, speaking of a property tax, said: "When the statute is construed as a tax upon the privilege of exercising the corporate franchise—that is, of continued operation of the corporate business—franchise taxes subsequent to the receivership are usually upheld if in fact the receiver has continued the business."

In the recent case of Michigan Trust Co. v. People of State of Michigan, 52 F.(2d) 842, 845, the Sixth Circuit Court of Appeals expressly disapproves of the decision in the Hopkins Case, and held that a state franchise tax was payable only after other creditors had been paid in full. That court is of the opinion that, when a receiver in equity is appointed, the property is no longer under the control of the corporation. The court says: "The right or privilege to continue its corporate business is terminated or lost, and the receiver is not exercising that franchise, but rather powers otherwise acquired, there is no foundation upon which the tax may operate; * * * the corporation which has been shorn of all its property and facilities by a receivership has, for the period of the receivership, been ousted of its privilege to do business in corporate form, as well as of the actual conduct of its business, as completely as if an injunction had issued or the corporation had been placed in dissolution."

I do not follow the reasoning of this case. To do so would mean that a federal equity receivership would prove a refuge from the power of a state to tax.

As all parties in this case are in agreement that the receivers held the property only for the purpose of winding up the business, I hold that the tax is not due.

In the event that the state of New York appeals from this decision, and it is ultimately determined that the tax is due, then I hold that the purchaser should pay the tax for the reason that the franchise tax is a tax on property, and, under the contract of purchase, the purchaser assumed all taxes.

An order may be entered in accordance with this opinion.