## In re LEVITT.

(District Court, E. D. Wisconsin. December 28, 1903.)

1. BANKRUPTCY—PRIOR ASSIGNMENT FOR CREDITORS—CLAIMS OF ASSIGNEE—ALLOWANCE.

Where, prior to the filing of an involuntary bankruptcy petition, the bankrupt had made an assignment of his claim on insurance policies which constituted his sole assets, and the assignee had rendered valuable services in attempting to collect such claims, and, on a trustee in bankruptcy being appointed, turned over to him the policies with all proofs and claims, subject to a lien for allowances for the expenses incurred, and the trustee in bankruptcy subsequently settled the claims with the insurance companies, the claim of the assignee for expenses and services was an equitable claim allowable by way of deduction from the fund realized for the benefit of creditors to the extent of beneficial expenditure and service, and was not a claim against the bankrupt within Bankr. Act July 1, 1898, c. 541, § 57, 30 Stat. 560, 561 [U. S. Comp. St. 1901, pp. 3443, 3444], or a debt as defined by section 1, Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3419], so as to preclude its allowance for failure of the assignee to prove the same within one year after the adjudication.

In Bankruptcy. On petition by a creditor for review of the referee's order allowing $590.64 as expenses incurred by I. J. Neuberger, as assignee of the bankrupt, prior to adjudication, reported by the trustee in his account for allowance.

Winkler, Flanders, Smith, Bottum & Vilas, for trustee.

John J. Wood, Jr., and W. E. Cavanaugh, for objecting creditors.

¶ 1. Effect of national bankruptcy act on state insolvency laws and assignments for benefit of creditors, see note to Carling v. Seymour Lumber Co., 51 C. C. A. 11.

SEAMAN, District Judge. Revision of the allowance by the referee is sought upon the sole ground that claim therefor was not proved against the estate within one year from the adjudication of bankruptcy, and the contention is that the claim is barred by section 57n of Bankr. Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]. While exceptions are filed to the referee's findings of fact, they were not pressed upon the argument, and I am satisfied that the testimony supports the findings. The material facts are: On December 2, 1901, the property of the bankrupt was destroyed by fire, with insurance thereon, which then represented his sole assets. December 4, 1901, the bankrupt executed an assignment to Mr. Neuberger for the benefit of creditors, and at their instance, which was valid at common law, but voidable on behalf of a creditor under the law of the state. The expenses in question were necessarily incurred by the assignee in the proof and adjustment of loss ($8,300), requiring the services of an adjuster and of counsel, as the several insurance companies disputed liability under the policies. Proceedings for involuntary bankruptcy were commenced several months later, induced by garnishments on the part of certain creditors, and the trustee therein was appointed May 12, 1902. On demand of the trustee, Mr. Neuberger turned over to him the policies of insurance, with all proofs and claims, subject to lien or allowance for the expenses so incurred, which the trustee agreed to submit in that view, and filed his report of such facts with the referee September 17, 1902, together with report that no other assets were found, and that he had brought suits upon the several policies in default of payment. In October, 1903, the trustee effected a compromise of the insurance claims, receiving in settlement thereof $3,750, and filed his account of proceeds and disbursements, which included a charge in favor of Mr. Neuberger for $590.64, so claimed for his expenses, subject to allowance by the court. Without the proofs of loss and other evidence thus provided by the timely action of the assignee, no recovery under the policies was possible. The charges are found to be reasonable in character and amount, and the estate received the full benefit of the service for which they were incurred. Indeed, if bankruptcy proceedings had intervened within the time required for such service, it is presumable that like expenditure would have devolved upon a receiver or trustee to preserve the insurance liability. The right of the assignee to have such expenditures allowed as a charge against the fund is established by the recent decision in Randolph v. Scruggs, 190 U. S. 533, 23 Sup. Ct. 710, 47 L. Ed. 1165, though the equitable considerations on which it rests were not recognized in some of the earlier cases in the district courts. Vide Brandenburg on Bankruptcy (3d Ed.) § 980. So the only question which remains open relates to the classification of the allowance—whether it is a claim within the meaning of section 57 of Bankr. Act July 1, 1898, c. 541, 30 Stat. 560, 561 [U. S. Comp. St. 1901, pp. 3443, 3444], which cannot be proved (section 57n) "subsequent to one year after the adjudication." The claim was neither formally presented nor proved before the expiration of the year thus limited, and, if the section referred to is applicable, it is doubtful, to say the least, whether

the prior mention in the preliminary report of the trustee that the policies were assigned to him "subject to such claim (of lien) upon the part of said Neuberger as may be recognized by this court" would save the claim from the statutory bar. I am of opinion, however, that the allowance in question is not within the purview of section 57, or of the term "debt," as broadly defined in section 1 (11), Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3419], to "include any debt, demand or claim provable in bankruptcy." As remarked in Holden v. Stratton (decided November 16, 1903) 24 Sup. Ct. 45, 47, 48 L. Ed. ——, "the distinction between steps in bankruptcy proceedings proper and controversies arising out of the settlement of the estates of bankrupts is recognized in" various sections of the act. The lien or charge claimed by this assignee is not of the first-mentioned class, but is held in Louisville Trust Co. v. Comingor, 184 U. S. 18, 24, 22 Sup. Ct. 293, 46 L. Ed. 413, to be a claim asserted "adversely to the bankrupt, and as outstanding when the petition in bankruptcy was filed," and thus within the second class, and subject to plenary suit between the trustee and assignee. It is not an indebtedness created by the bankrupt, nor provable for an arbitrary sum fixed by statute, rule, or contract. It is allowable only on equitable principles, by way of deduction from the fund realized for the benefit of creditors, and then only to the extent of beneficial expenditure and service. The fact that no actual contest arose between the trustee and assignee—that the latter surrendered the policies and proofs, subject to his charge, and that the trustee so accepted and reported the charge for allowance—cannot change the nature of the claim as within the doctrine of Louisville Trust Company v. Comingor, supra. Although termed a "claim," it is distinguishable from the claims referred to in section 57, equally with the bankrupt's claim of exemption in certain life insurance policies in Holden v. Stratton, supra, and its consideration is apart from the "steps in bankruptcy proceedings." This view is well supported by the instructive opinion of the Circuit Court of Appeals (1st Circuit) in Re Chase (C. C. A.) 124 Fed. 753, 755, and the authorities there cited.

The ruling and order of the referee accordingly are affirmed and adopted.