### PAINE v. ARCHER.

### In re WISHKAH LOGGING CO.

(Circuit Court of Appeals, Ninth Circuit. May 1, 1916.)

#### No. 2676.

1. BANKRUPTCY ⊂⇒327(1)—CLAIMS—PRIORITY.

Where, at the time of the hearing in the court below, no claim by a county against a bankrupt's estate for taxes had been filed, and there was nothing to show that such claim was ever allowed or brought to the attention of the trial court, an allowance to a receiver appointed by the state court to conserve the bankrupt's property is not improper, as denying priority of claims for taxes.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 515; Dec. Dig. ⊂⇒327(1).]

2. BANKRUPTCY ⊂⇒347—CLAIMS—CLAIMS OF RECEIVER.

Where, before bankruptcy, a receiver is appointed by the state court to conserve the bankrupt's property, and thereafter the property is transferred to the trustee in bankruptcy, the claim of the receiver for compensation is entitled to priority; it being considered that the assets come to the trustee charged with such claim.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 538; Dec. Dig. ⊂⇒347.]

Petition for Revision of Proceedings of the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

In the matter of the bankruptcy of the Wishkah Logging Company, a corporation.   Petition by W. B. Paine, trustee in bankruptcy for revision of an order of the District Court whereby the claim of F. R. Archer, receiver, was allowed priority.   Affirmed.

The trustee in bankruptcy of the Wishkah Logging Company, a bankrupt corporation, filed in this court his petition for revision, to review the order of the District Court whereby the claim of the respondent for the sum of $256.20 was allowed as a prior and first charge against the assets in the hands of the trustee. The petition alleges that a claim against the estate in bankruptcy was filed by Chehalis county, Wash., for unpaid and delinquent taxes against the property of said estate, in the sum of $452.15, with interest; that thereafter the respondent filed his claim for $256, the amount allowed him by the superior court of Chehalis county, for his services and expenses as receiver in preserving said estate in the state court prior to the adjudication of bankruptcy, which services were performed within four months prior to the adjudication; that thereafter the referee made an order disbursing all of the funds in the hands of the trustee, for the payment of the costs of the administration and attorney's fees, and that the sum so to be disbursed was $300, which sum represented the total assets of the bankrupt's estate; that thereafter the court below, upon a hearing on the question of the priority of the claims, ordered that the respondent's claim be entitled to priority of payment as against the costs of the administration, the attorney's fees, and the taxes due Chehalis county; that thereafter, on July 31, 1915, the referee made an order disbursing to 'the respondent the sum of $256.20, and on October 25, 1915, the order was approved and payment was directed by the judge of the District Court. The petitioner further alleges that the claim for the sum so ordered to be paid by the state court for receiver's fees is entitled to priority only as against general creditors, and that the expenses of administration and the taxes due to Chehalis county are a first and prior charge against the assets in the hands of the trustee.

G. R. Snider and T. B. Bruener, both of Aberdeen, Wash., for petitioner.

Austin M. Wade, of Aberdeen, Wash., for respondent.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above).   [1] It does not appear that on June 30, 1915, the time of the hearing in the court below, any claim for taxes had been filed or was considered by the court.   The transcript shows that the claim of Chehalis county for taxes was, not presented until July 16, 1915.   There is nothing whatever in the record to show that the claim was ever allowed, or that it was at any time brought to the attention of the court below. Such being the case, no ground is presented here to review the decision of that court as to the priority of a claim for taxes, since it does not appear that any error was committed in the matter complained of.

[2] It remains to be considered whether the court below erred in giving to the respondent's claim priority to the costs and expenses of administration in the court of bankruptcy.   From the fact that the court below ordered the payment of the respondent's claim as entitled to priority, we may assume that upon the hearing it was shown to the court that the allowance so made to the respondent by the superior court was for services rendered prior to the adjudication in bankruptcy for necessary work and labor in the preservation of the estate, and, indeed, the petition for revision so alleges the facts to have been. In Randolph v. Scruggs, 190 U. S. 533, 539, 23 Sup. Ct. 710, 712

(47 L. Ed. 1165) the court recognized the priority of claims such as that of the respondent herein, and said:

"If beneficial services are allowed for, they are to be regarded as deductions from the property which the assignee is required to surrender, and in that way they gain a preference."

See, also, Loveland on Bankruptcy (4th Ed.) §§ 40 and 594; In re Chase, 124 Fed. 753, 59 C. C. A. 629; Summers v. Abbott, 122 Fed. 36, 58 C. C. A. 352; In re Scholtz (D. C.) 106 Fed. 834; In re Stewart, 179 Fed. 222, 102 C. C. A. 348; In re Standard Fuller's Earth Co. (D. C.) 186 Fed. 578. The court below recognized the doctrine so established, and regarded the assets in the hands of the trustee as subject to reduction by paying out of the same the amount for which in equity the assets were chargeable as compensation to the receiver before they came into the hands of the trustee. In so doing we hold that the court was not in error.

The judgment is affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes