## UNITED STATES v. EYGES.

(District Court, D. Massachusetts. January 10, 1923.)

No. 2045.

1. **Bankruptcy** ⬥327(1)—**Statute contemplates taxes shall be presented to court.**
     Bankruptcy Act, § 64a (Comp. St. § 9648), providing that the court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States in advance of the payment of dividends to creditors, contemplates that the taxes owed by the bankrupt shall be brought before the court, so that it may be ascertained whether they are assets applicable to the tax, and whether it is legal and correctly computed.

2. **Bankruptcy** ⬥249—**Trustee not personally liable for income tax of which he had no knowledge.**
     Where a trustee in bankruptcy distributed all the assets of the estate in accordance with the orders of the court, without paying an income tax which was due and unpaid at the time of adjudication, but of which the trustee had no knowledge, and which was not brought to his knowledge before the distribution, he is not personally liable for the tax.

At Law. Action by the United States against Henry A. Eyges to recover from defendant personally an income tax assessed against a bankrupt for whose estate defendant was trustee. Defendant's motion to dismiss, which was in effect a general demurrer, sustained, and judgment rendered for defendant.

Robert O. Harris, U. S. Atty., of Boston, Mass.
Jacobs & Jacobs, of Boston, Mass., for defendant.

MORTON, District Judge. This is an action at law by the United States to recover from the defendant personally an income tax assessed against the Colonial Grocery Company, bankrupt, for the fiscal year ending June 30, 1917, together with interest and an additional assessment. The defendant has filed a "motion to dismiss," which is in effect a general demurrer. The facts alleged are as follows:

Mr. Eyges was trustee in bankruptcy of the Colonial Grocery Company, which was adjudicated bankrupt, as the files of this court show, on July 15, 1921. At that time the tax in question was due and unpaid. The defendant, as trustee in bankruptcy, received money sufficient to pay the tax but did not do so. In addition to the allegations in the declaration, the parties agree that the government filed no claim in the bankruptcy proceedings, and did not call the matter to the

trustee's attention; that no order relating to the tax was ever made by the bankruptcy court.

[1] The Bankruptcy Act provides that:

"The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States * * * in advance of the payment of dividends to creditors," etc.

See section 64a (Comp. St. § 9648).

Taxes are a first charge after the expenses of administration. The act explicitly says that the court *shall order* taxes paid, thus contemplating that the matter shall be brought before the bankruptcy court, in order that it may be ascertained whether there are assets applicable to the tax and whether it is legal and correctly computed. See New Jersey v. Anderson, 203 U. S. 483, 492, 27 Sup. Ct. 137, 51 L. Ed. 284.

[2] Where the tax is not brought to the trustee's or the court's attention, and he does not know of it, and no order is made for the payment of it, and he distributes the assets in accordance with the orders of the bankruptcy court, it would be plainly unjust and would be going beyond what the statute contemplated to hold that he is personally liable. No case has been called to my attention in which a trustee has been held liable on similar facts; and in U. S. v. Murphy (C. C.) 15 Fed. 589, it was expressly decided by Judge Gresham, under the act of 1867 (14 Stat. 517), that an assignee in bankruptcy was not liable. In Paine v. Archer, 233 Fed. 259, 147 C. C. A. 265 (C. C. A. 9th), it was assumed that a claim for taxes would be "brought to the attention of the court below."

The present case is not to be confounded with a tax assessed against a trustee or an estate while in his hands, of which he is, of course, bound to take notice, nor with cases in which, with knowledge of the tax, the trustee failed to have assets reserved to meet it. The cases relied upon by the United States are, I think, distinguishable from U. S. v. Murphy on the grounds above suggested. Lewis, Trustee, v. U. S., 92 U. S. 618, 23 L. Ed. 513, was the case (as stated in the opinion) "of a trust fund, a trustee holding it, and a cestui que trust claiming it." Swayne, J., 92 U. S. 622, 23 L. Ed. 513.

Demurrer sustained; judgment for the defendant.