## In re SOUTH BEND LUMBER CO.

(District Court, W. D. Washington, S. D. December 4, 1924.)

No. 4337.

1. **Bankruptcy** ⊚⟝347 — Claim for premium covering period between assignment for benefit of creditors and bankruptcy petition held preferred.

Claim for fire insurance premium covering period between general assignment of property for benefit of creditors and filing of bankruptcy petition *held* preferred, under Bankruptcy Act, § 64b (Comp. St. § 9648).

2. **Bankruptcy** ⊚⟝347—Claim of preference for fire insurance premiums due and paid prior to assignment for benefit of creditors held properly rejected.

Claim for fire insurance premiums due and paid prior to assignment for benefit of creditors *held* properly rejected as a preferred claim.

3. **Bankruptcy** ⊚⟝330 — Claim insufficient to support preference.

Claim filed in bankruptcy, while established prima facie, *held* insufficient to support a preference.

In Bankruptcy. In the matter of the South Bend Lumber Company, bankrupt. Referee's rulings as to preferred claims reversed in part and sustained in part.

Theo. B. Bruener, of Seattle, Wash., and Welsh & Welsh, of South Bend, Wash., for rejected claims.

Grinstead, Laube & Laughlin, of Seattle, Wash., for petitioning creditors.

Fred M. Bond, of South Bend, Wash., for C. A. Werley, purchaser of property.

CUSHMAN, District Judge. [1] On September 10, 1923, the bankrupt made a general assignment of all its property for the benefit of its creditors. The assignees took possession of the property and administered the trust, to the appointment of a trustee in bankruptcy January 10th, 1924. The property was sold by the trustee, the purchaser undertaking to pay the cost of the administration in bankruptcy and all preferred claims. During the administration by the assignees, they secured from the Lumbermen's Indemnity Exchange, the preference claimant, certain fire insurance upon the property assigned. To the premium paid for this insurance the purchaser objected, as not preferred. The referee allowed as preferred the portion of the premium covering the time between filing of the petition for adjudication and the appointment of a trustee, but disallowed that portion of the premium covering the period, the assignment was in force prior to the filing of petition for adjudication. There is no showing that the assignment obstructed, in any way, the bankruptcy proceeding, and such fire insurance necessarily was for the benefit of the estate, and the total amount should have been allowed as a preferred claim, under section 64b of the act (Comp. St. § 9648). Thompson v. Phenix Insurance Co., 136 U. S. 287, 10 S. Ct. 1019, 34 L. Ed. 408; Insurance Co. v. Chase, 5 Wall. (72 U. S.) 509, 18 L. Ed. 524; Randolph v. Scruggs, 190 U. S. 533, 23 S. Ct. 710, 47 L. Ed. 1165; Paine v. Archer, 233 F. 259, 147 C. C. A. 265; Hume et al. v. Myers et al., 242 F. 827, 155 C. C. A. 415; In re Chase et al., 124 F. 753, 59 C. C. A. 629; In re Levitt (D. C.) 126 F. 889; In re H. H. Day, Insolvent; H. G. Thompson v. E. B. Sines, 18 Wash. 359–364–367, 51 P. 474.

[2] A second claim alleged to be preferred was rejected by the referee in its entirety. The major item of this claim was on account of certain fire insurance premiums due and paid prior to the assignment. It is evident that, prior to the written assignment in the negotiations leading up to it, such premiums were paid with approval of at least one of the men to whom the assignment was afterward made. In the claim, in stating the reason for such payment by the claimant, it is said:

"That H. S. Gaunce, who is now the trustee in bankruptcy for said South Bend Lumber Company, was one of the common-law assignees of said South Bend Lumber Company, and he endeavored to procure insurance protecting the assignees, but that such insurance was refused until the back premiums due from the South Bend Lumber Company had been paid. The date of this payment of the insurance was September 4, 1923."

[3] The ruling of the referee in rejecting this item is sustained. Concerning the other items of the latter claim, all save one of which appear to have been incurred after the assignment and prior to the filing of pe-

tition for adjudication, there is no evidence to support them, save what the claim itself discloses. Such showing, while it establishes prima facie the claim of a general creditor, is insufficient to support a preference, and the referee's ruling is sustained. In re Jones (D. C.) 151 F. 108; Collier on Bankruptcy (13th Ed.) p. 1153c.