## In re CHANDLER MOTORS OF NEW ENGLAND, Inc.

(District Court, D. Massachusetts. December 28, 1926.)

### No. 30839.

Bankruptcy ⊜314(6)—Duty of trustee to pay income taxes due, though suit for their collection is barred by limitation.

The government is not required to prove a claim for taxes against a bankrupt estate, but it is the duty of the trustee to pay any taxes due, upon their being called to his attention, and the provision of Revenue Act 1921, § 250 (d), being Comp. St. § 6336⅛tt, limiting the time for any suit or proceeding for the collection of a tax to five years after filing of the return, does not relieve a trustee from such duty, though the five years have elapsed.

In Bankruptcy. In the matter of the Chandler Motors of New England, Inc., bankrupt. On review of order of referee. Reversed.

Jacobs & Jacobs, of Boston, Mass., for trustee.

The United States Attorney, and Marcus Morton, Jr., of Boston, Mass., for the United States.

MORTON, District Judge. This petition for review presents a question of law relating to the federal income tax.

On April 1, 1918, the present bankrupt filed its federal income tax return for the calendar year 1917 under the laws then in force, and in due course a tax, and later an additional tax, were assessed against it. It was adjudicated bankrupt on November 3, 1922, on a creditor's petition filed on October 19th preceding, the additional tax being still unpaid. Under date of March 1, 1923, the collector notified the trustee of the existence and amount of this tax, and under date of March 22, 1923, he again wrote to the trustee about it, saying that proof of claim had that day been forwarded to the United States attorney for filing. No proof of claim was in fact filed until August, 1923.

Under Revenue Act 1921, § 250d (Comp. St. § 6336⅛tt), "no suit or proceeding for the collection of" this tax could be "begun, after the expiration of five years after the date when such return was filed." This statute bars any proceeding in court for the collection of the tax after the specified period has run. The proof of claim would be such a proceeding. If it were necessary for the government to file proof of claim, its right is barred, unless the statute was tolled by the bankruptcy of the taxpayer. It is, however, perfectly well settled that the government is not obliged to file a proof of claim for taxes. U. S. v. Eyges (D. C.) 286 F. 683; In re Ashland Emery & Corundum Co. (D. C.) 229 F. 829, and cases cited; Collier on Bankruptcy (13th Ed.) p. 1446, note 41, collecting cases. It is the duty of the trustee under Bankruptcy Act, § 64a (Comp. St. § 9648), to pay all taxes legally due upon their being called to his attention.

The trustee contends that the running of the statute, not merely prevented the government from taking legal steps to collect the tax, but extinguished its right to the tax—an old question of theoretical law, about which, in different forms, there has been much discussion, which I do not propose to extend. The trustee holds the estate in trust for various purposes, one of them being to pay lawful taxes. No proceedings by the government with respect to this tax were required, except such as might be necessary in order to fix the proper amount of it. Under such circumstances, the government's right to the tax was clearly not lost by the failure to file the proof of claim.

The order of the referee is vacated, and an order may be entered, directing the payment of the tax, with interest.