## In re SERVEL.

## No. 3517.

District Court, D. Idaho, E. D.

Oct. 7, 1930.

See, also, 30 F. (2d) 102.

H. E. Ray, U. S. Dist. Atty., and Wm. H. Langroise, Asst. U. S. Dist. Atty., both of Boise, Idaho.

W. G. Bissell, of Gooding, Idaho, for the trustee.

CAVANAH, District Judge.

The collector of internal revenue for the collection district of Idaho filed with the referee what he claims to be proof of claim of the United States for income taxes alleged to be due from the bankrupt. A hearing on the claim was had before the referee upon the objections of the trustee and creditors, and which was, by order of the referee, disallowed. A petition asking a review of that order was filed in due course.

Insistence is made on behalf of the trustee and creditors that the claim should not be allowed, for the reasons that it was not duly verified as required by the bankruptcy law, and that no proof of taxes was made and none is due the United States from the bankrupt. In response to the objection thus made, the contention of the government is that, as the controversy involves the payment of taxes due the United States, the claim is not "debts" in the ordinary sense of that word, required to be proved as a claim within the meaning of the Bankruptcy Act, and, viewed in the light of these suggestions, it was not the duty of the government to make any proof of claim, but rather the duty of the trustee to ascertain the amount of the taxes and secure authority to pay them.

Assessments levied by the government upon incomes under the national Income Tax Act (26 USCA § 931 et seq.) are taxes due and owing to the United States, and the bankruptcy court should order the trustee to ascertain and pay all such taxes which are due and owing by the bankrupt to the United States. In case any dispute arises as to the legality or the amount of such tax, the same should be heard and determined by the court, whether proof of claim is filed by the govern-

ment or not. Section 64a, Bankruptcy Act, 11 USCA § 104(a). The act does not contemplate that such taxes shall be proved like an ordinary debt, as they are to be paid by the trustee on the order of the court. In re Prince & Walter (D. C.) 131 F. 546. The trustee's duty is to ascertain what taxes are assessed against the estate of the bankrupt, and to secure authority from the court to pay them. Stanard v. Dayton (C. C. A.) 220 F. 441. They are not "debts" in the ordinary sense of that word, and do not come within the provision of debts provided for within the Bankruptcy Act. Hecox v. Teller County et al. (C. C. A.) 198 F. 634; United States v. Herron, 87 U. S. (20 Wall.) 251, 22 L. Ed. 275. The government cannot be deprived of the collection of taxes simply because proof of such claim was not properly made and filed.

The conclusion thus reached disposes of the contention that the claim was not duly verified, as it is obvious that such is not required to be done by the government.

The order sought to be reviewed will therefore be reversed, with directions to reexamine the claim upon behalf of the United States and ascertain if any amount is due thereon, after giving notice of the hearing to the government and the trustee.