In re WHITE.

No. 366.

Circuit Court of Appeals, Second Circuit.

May 2, 1932.

Max Rockmore, of New York City (Louis Jersawit, of New York City, of counsel), for appellant.

Yankauer, Davidson & Mann, of New York City, for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

Joseph White, doing business as J. White Co., was adjudicated a bankrupt. Prior thereto the appellant had negotiated with White's creditors in an attempt to make a settlement with them. It was demanded by the creditors that there be an examination of the books of the bankrupt and a deposit by him of his assets, which consisted of money in his possession. This sum, amounting to $4,316.69, was delivered to the appellant, who deposited it in a special account for the express benefit of the creditors. Accountants audited the books, but before their report a banking institution commenced a state court action against the bankrupt, obtained a judgment, and proceeded to attempt to recover from appellant the moneys turned over to him by the bankrupt for the purposes stated. This effort to collect was resisted by the appellant, who suffered a direction against him to deliver over the accounts in his possession to the receiver appointed in proceedings supplementary to execution upon the judgment obtained by the bank. He was adjudged in contempt for failure to pay over the money. About this time, the petition in bankruptcy was filed; a receiver appointed who demanded that the appellant pay the moneys to it, and upon order of the District Court, the moneys were paid to the bankruptcy receiver. Before complying with this order, however, the appellant moved in the state court to vacate its turn-over order. An order to that effect was entered, and, on appeal by the bank, was affirmed by the appellate court. After bankruptcy, appellant made an application for payment for his services out of the funds in the hands of the bankruptcy receiver, claiming that he had rendered valuable and beneficial services to the creditors of the bankrupt, in that he had preserved for them what proved to be the entire estate and saved for them and the estate the expense which would necessarily have been incurred by the trustee in recovering the money if it had been paid out on the state court judgment. The court below allowed for services which were rendered after the filing of the petition in bankruptcy, but disallowed for services performed theretofore, and this for the reason that such services by the appellant in preserving the property of the bankrupt prior to bankruptcy were merely those of an employee of the bankrupt and that they were legal services rendered by the appellant as attorney for the bankrupt. The appellant had rendered services in retaining possession of the fund. This, beyond question, was beneficial to the estate, for he preserved the fund for the trustee in bankruptcy. He successfully resisted the efforts of the state court to compel the payment of the judgment obtained by the bank. If he had not done so, the trustee in bankruptcy would have been obliged to sue in a plenary suit to set aside the unlawful preference obtained by that judgment.

■■ If services rendered are beneficial and are to be compensated for, they must be regarded as deductions from the property which the assignee is required to surrender. Randolph v. Scruggs, 190 U. S. 533, 23 S. Ct. 710, 47 L. Ed. 1165. Because the fund was voluntarily turned over does not defeat the appellant's claim for a preference in payment. In re Chase, 124 F. 753 (C. C. A. 1). And as we said in In re Jack Stolkin, Inc., 42 F.(2d) 829, 831, "The amount which may be allowed [to an assignee] depends upon the benefit which has been afforded to the bankruptcy estate."

■ In Re Cabel Upholstering Co., 10 F. (2d) 502 (C. C. A. 1), the bankrupt called a meeting of its creditors and by agreement with them transferred its property to one of the creditors. The creditor continued to care for the property, incurring expenses and making expenditures. Subsequently, the debtor was adjudged a bankrupt and a petition was presented for an allowance to the creditor who had held the insolvent's assets and administered them. The court held that under § 64b, Bankruptcy Act, 11 USCA § 104(b), an allowance would be made as a preferential claim. Services rendered and expenses incurred by a voluntary assignee which have been actually beneficial to the estate may be allowed as a preferential claim. The possession of the fund here and the services rendered in retaining it for the benefit of creditors, while not under a formal assignment, was to all intents and purposes equivalent thereto. The services rendered by the appellant created in his favor an equitable lien upon the property in his possession and should be respected in bankruptcy so far as the services have been necessary and beneficial to the general creditors. The surrender of the fund to the receiver did not waive his right to make this claim. In re Chase, supra. An assignee is but an agent engaged in the distribution of the proceeds of a debtor's property among his creditors. Bryan v. Bernheimer, 181 U. S. 188, 21 S. Ct. 557, 45 L. Ed. 814. And the appellant's object and purpose was to carry out such an intention. The court below had the power and should have made a reasonable allowance

for these services. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770; In re Hoey, 290 F. 116 (C. C. A. 2).

The order is reversed, with directions to enter an order allowing a reasonable compensation for the services rendered prior to bankruptcy and which were beneficial to the estate.

Order reversed.