## STATE OF DELAWARE v. IRVING TRUST CO. *

District Court, S. D. New York.

March 9, 1937.

Peaslee & Brigham, of New York City (Ralph G. Albrecht and Martin A. Meyer, Jr., both of New York City, of counsel), for plaintiff.

Rosenberg, Goldmark & Colin, of New York City (Godfrey Goldmark, of New York City, of counsel), for defendant.

*Judgment affirmed 92 F.(2d) 17.

PATTERSON, District Judge.

The question raised by the defendant's motion to dismiss the complaint as insufficient on its face is whether a trustee in bankruptcy is personally liable for taxes owed by the bankrupt where the estate contained sufficient funds to pay the tax and was distributed in due course to others, the trustee having had no knowledge or notice of the unpaid tax prior to distribution.

The action is one at law by the State of Delaware. The complaint sets forth that American Solvents & Chemical Corporation, a Delaware corporation, at the time of its bankruptcy owed taxes of some $8,000 to the plaintiff; that the defendant was appointed trustee of the bankrupt estate; that notice was sent to creditors requiring them to file claims by a given date, but the plaintiff received no notice and had no knowledge of the bankruptcy until after the estate had been distributed and the proceeding closed; that the defendant did not obtain an order directing that the plaintiff be given a specific time to present its claim; that the defendant received assets more than sufficient to pay the tax owed to the plaintiff according to its priority but failed to pay the tax, distributing the assets among other creditors of the bankrupt. It is alleged that by reason of these facts the defendant became chargeable with a duty to pay the tax in full, a duty which it failed to perform, and that accordingly it ought to pay the tax out of its own funds.

The plaintiff's case is based on the premise that there is a duty imposed on persons who act as trustees in bankruptcy to discover all taxes owed by bankrupts and to see to it without fail that they are paid if the estates contain enough to pay them at their priority; that if any undiscovered taxes are left unpaid on distribution, trustees must pay them out of their own pockets. Unless there is a duty as stiff as this, the complaint does not state a cause of action; for it does not charge that the defendant had knowledge or notice of the tax left unpaid by the bankrupt, nor does the complaint charge that the defendant made distribution prematurely.

If the claimed duty exists, one would expect to find mention of it somewhere in the Bankruptcy Act. A likely place would be in section 47 (11 U.S.C.A. § 75), specifying the duties of trustees. There is nothing about it in that section. The plaintiff says that the duty and the trustee's liability for failure to pay are implied in section 64a, as amended (11 U.S.C.A. § 104(a), dealing with debts entitled to priority. Section 64a provides: "The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, State, county, district, or municipality, in the order of priority as set forth in paragraph (b) hereof: * * * Upon filing the receipts of the proper public officers for such payments the trustee shall be credited with the amounts thereof, and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court."

Prior to the 1926 amendment, the words "in advance of the payment of dividends to creditors" (30 Stat. 563, § 64a, 11 U.S.C.A. § 104(a) appeared in place of the present words, "in the order of priority as set forth in paragraph (b) hereof." The latter clause was inserted, and an express inclusion of taxes was made in the priorities in 64b (as amended, 11 U.S.C.A. § 104(b), in order to settle the ranking between taxes and other prior claims.

The purpose of Congress in enacting section 64a was to give priority to taxes and also to take care of the situation discussed in Re Tyler, 149 U.S. 164, 13 S.Ct. 785, 37 L.Ed. 689. It was known that tax collectors could not distrain on property in custody of the law, and the direction to the court in section 64a to order prompt payment of taxes was to provide a fair equivalent. See New Jersey v. Lovell, 179 F. 321, 31 L.R.A.(N.S.) 988 (C.C.A.3). It is certainly to be implied that some one interested, either the governmental body to which the tax is owed or the trustee in bankruptcy, will call a tax claim to the court's attention. There is nothing in the section, however, to indicate that Congress intended to make the trustee personally liable for taxes of which he had no notice.

It is unlikely that Congress intended to impose any such personal liability on a trustee. By an early act, that of March 2, 1799, § 65, 1 Stat. 676, still in force, Congress accorded priority in cases of insolvency to debts due to the United States, and provided that the person in charge of the insolvent estate should be "answerable in his own person and estate" in case he made distribution without first paying such debts. Revised Statutes, §§ 3466 and 3467, 31 U.S.C.A. §§ 191 and 192. This act is applicable to trustees in bankruptcy. There is force

in the argument that if Congress had intended to impose a similar liability on trustees in bankruptcy for failure to pay taxes owed by bankrupts to states, a similar provision would have been inserted in the Bankruptcy Act.

Section 64a has been interpreted, says the plaintiff, as placing a duty on the trustee to search for taxes and procure an order for their payment. It is true that in several cases there are offhand remarks that it is the duty of the trustee to "search for" or "to ascertain" taxes. Stanard v. Dayton, 220 F. 441 (C.C.A.8); In re B. A. Montgomery & Son, 17 F.(2d) 404 (D.C.Ohio); In re De Angeles, 36 F.(2d) 218 (C.C.A.10); In re Servel, 45 F.(2d) 660 (D.C.Idaho). But no case is to the effect that the trustee must personally pay a tax against the bankrupt of which he had no notice before distributing the estate.

The plaintiff also relies on the line of cases relative to the practice of obtaining tax-bar orders. Those cases show that a claim for taxes need not be filed within the time set for other claims, that an order setting a reasonable time limit for filing such claims may be made at the trustee's instance, that a claim for taxes may be filed even later if the court lifts the bar and there are assets still undistributed. But they do not tend to show that a trustee must pay a tax claim out of his own pocket where the assets were distributed under order of the court before he received any information of the existence of the claim.

The defendant, on the other hand, has in United States v. Eyges, 286 F. 683 (D.C. Mass.), an authority directly in point. There the bankrupt owed income tax to the United States. The defendant as trustee in bankruptcy had funds sufficient to pay the tax. He had no notice of the tax, however, and no order for its payment was ever made. The assets were distributed among the creditors. Judge Morton discussed section 64a and held that "it would be plainly unjust and would be going beyond what the statute contemplated to hold that he is personally liable." Page 684. The effect of sections 3466 and 3467 of the Revised Statutes was not considered. Those sections are of no assistance to the plaintiff here, since the claim is not one in behalf of the United States.

I am of opinion that the trustee is not liable personally for tax claims against the bankrupt in cases where he had no knowledge or notice that taxes against the bankrupt had been left unpaid and accordingly obtained no order calling for filing of the claims or for their payment. Whether he would be liable if he had such knowledge or notice is a matter on which no opinion is expressed.

The motion to dismiss will be granted.