## In re JAMES BUTLER GROCERY CO.
### No. 127.

Circuit Court of Appeals, Second Circuit.
Dec. 12, 1938.

Nathan Schwartz, of New York City, for appellant.

Rabenold, Scribner & Miller, of New York City (Charles E. Scribner, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

On March 19, 1935, James Butler Grocery Company filed a petition for reorganization under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, and in April, 1936 an order was entered in said proceeding confirming a plan of reorganization. During this period the debtor was authorized to remain in possession of its assets and to continue its business. In the course of such business it incurred indebtedness for goods purchased from Albert Paper Box Company, and this debt is still outstanding. On June 29, 1936, the court passed a "final decree" adjudging that the plan of reorganization be declared "fully executed," that the debtor be discharged from its debts and liabilities except as provided for in the plan, and that the proceedings "be and hereby are terminated and finally closed, except as jurisdiction is herein expressly reserved." Jurisdiction over the debtor was reserved until such time as "participation certificates," which unsecured creditors were to receive under the plan, should be delivered to a depositary, together with a list of the creditors entitled to receive them certified by the special master. This the debtor was ordered to do within 15 days; and it was done. The decree of June 29th also reserved "jurisdiction over the Debtor with respect to the obligations incurred by it as a going concern to the date of this decree pending the further report thereon by the Debtor to this Court." No such report was filed and nothing was done by Albert Paper Box Company to invoke the reserved jurisdiction over the debtor until after the Grocery Company had filed a voluntary petition in bankruptcy on December 14, 1936. In the bankruptcy proceeding the Box Company applied for an order directing the trustee in bankruptcy to pay in full the debt owing to it. Its application having been denied without prejudice to its seeking relief in the prior 77B proceeding, it filed a petition in that proceeding. This petition was likewise denied. From each order it has appealed.

The appellant's contention that its claim should be paid in full despite the adjudication of its debtor as a bankrupt is based on the premise that its claim arose under circumstances which entitled it to the status of an administrative expense in the 77B proceeding. In the case of In re Avorn Dress Co., 2 Cir., 78 F.2d 681, it was held that indebtedness incurred by a corporation in reorganization, pursuant to authorization by the court to continue business, constituted an expense of administration which was entitled to priority over debts antedating the petition for reorganization. In the present 77B proceeding the court never determined that the appellant's claim was entitled to such priority, but we may assume arguendo that it would have so determined had the question been presented before that proceeding was closed.

The appellant treats the decree of June 29th as an order confirming the plan of reorganization and argues that no final decree was ever entered in the reorganization proceeding. This position cannot be

successfully maintained. An order confirming the plan was passed in April; the June decree purports to be a final decree declaring the plan executed, discharging the debtor from its debts, and terminating the proceeding except in so far as jurisdiction was expressly reserved. Section 77B(h), 11 U.S.C.A. § 207(h), commands the debtor and others to execute the plan of reorganization, when confirmed, under the direction of the court, authorizes the court to make appropriate orders to that end, and provides that "upon the termination of the proceedings a final decree shall be entered" which "shall discharge the debtor from its debts ánd liabilities." Under this section the court had power to pass the decree of June 29th. It is true the plan had not been fully executed, notwithstanding the recital in the decree to the contrary, for the participation certificates for unsecured creditors were still to be delivered to the depositary; but this was done within 15 days. When it was done, the plan was fully executed except as to obligations incurred during the pendency of the reorganization proceeding, as to which jurisdiction over the debtor was reserved pending a report thereon to the court. But the decree did not contemplate that discharge of the debtor's old debts should await the filing of such a report; it discharged them presently. Paragraph 5 decreed that the debtor "hereby is discharged from its debts and liabilities except as provided for in the plan." We do not think that the reservation of jurisdiction over the debtor with respect to obligations incurred during the pendency of the reorganization proceeding prevented the decree from operating to discharge the debts intended to be discharged.

The record does not disclose the terms of the plan of reorganization, nor does it appear whether the "participation certificates" issued to unsecured creditors represented interests in property or merely interests in an obligation undertaken by the debtor in favor of the indenture trustee. Upon the argument it was said that they represented the latter. The new debt to the indenture trustee was substituted for the old discharged debts and would rank on a parity with obligations incurred subsequent to June 29, 1938. Nor is there anything in the record to show that obligations incurred during the pendency of the reorganization proceeding, if they remained unpaid, were to outrank the corpo-

ration's new debts. Administrative expenses incurred in the 77B proceeding would have priority over debts dischargeable in that proceeding; but unless the confirmed reorganization plan gave them priority over new debts, no theory is apparent on which to accord it. The reservation of jurisdiction over the debtor with respect to such obligations did not establish such priority; at most it placed a duty upon the debtor to do what the reorganization court might thereafter order. We may assume that under such reservation the appellant might have obtained a summary order for payment prior to the time when the Grocery Company filed its voluntary petition in bankruptcy. But the supervening bankruptcy took away the corporation's assets and impounded them. It would be futile for the reorganization court to order a corporation without assets to pay the appellant's claim; and it seems clear that that court is without power to give directions to a trustee in bankruptcy appointed in an independent proceeding. The present case is not like one where bankruptcy has resulted from an order of liquidation in a pending 77B proceeding. Nor is it like Matter of Paramount Publix Corp., 2 Cir., 82 F.2d 230, where jurisdiction was reserved over an important asset of the estate. Here the final decree of June 29th discharged the debtor from its old debts and restored to it possession of its property free and clear of control by the court. If the unreported decision in Matter of Jack Fisher Co., Inc., upon which the appellant relies, is to the contrary, we cannot agree with it. Hence Judge Byers properly denied the appellant's petition in the 77B proceeding.

The decision of Judge Moscowitz in the bankruptcy proceeding was likewise right. As already stated the bankruptcy proceeding was subsequent to the termination of the reorganization proceeding and independent of it. Priorities in such a proceeding are governed by section 64, 11 U.S.C.A. § 104. Southern Bell Tel. & Tel. Co. v. Caldwell, 8 Cir., 67 F.2d 802. Concededly the appellant's claim does not fall within any of the classes accorded priority by that section. It is true that where a bankruptcy has superseded a general assignment or a receivership, administrative expenses incurred in the latter may be accorded priority in the bankruptcy. In re White, 2 Cir., 58 F.2d 203; Paine v. Archer, 9 Cir., 233 F. 259; In re Quemahoning Creek Coal

Co., 15 F.2d 58, D.C., W.D.Pa.; In re Benwood Brewing Co., 202 F. 326, D.C.N.D.W.Va. These cases proceed upon the theory that the proper administration expenses of the insolvency proceedings are to be regarded as deductions from the property which must be turned over to the bankruptcy trustee by the receiver or assignee. See Randolph v. Scruggs, 190 U.S. 533, 539, 23 S.Ct. 710, 47 L.Ed. 1165; In re White, supra; Paine v. Archer, supra. Here all of the property taken over by the reorganization court had been returned to the debtor without the retention of any jurisdiction in rem and hence was not subject to any deduction or equitable lien in favor of the appellant when it came into the control of the bankruptcy court.

Both orders are affirmed.