In re A. ROTH CO., Inc.

SCHAPIRO v. CHATZ.

No. 7908.

Circuit Court of Appeals, Seventh Circuit.

May 22, 1942.

A. L. Schapiro and B. C. Schiff, both of Chicago, Ill., for appellant.

P. H. Kelley and Thomas Lindskog, both of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and MINTON, Circuit Judges.

SPARKS, Circuit Judge.

This appeal presents the problem of the right of the attorney for the debtor in an arrangement proceeding under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., to priority of his claim for services in that proceeding, not filed or allowed until after the proceeding was superseded by a

petition for adjudication in bankruptcy. The referee had confirmed the plan for the arrangement on April 14, 1939; the required deposits had been made; and jurisdiction had been reserved to hear and determine the application of the attorney for fees, and such other matters as might arise. Thereafter the bankruptcy proceeding was instituted by petition filed September 21, 1939, and thereafter on May 29, 1940, appellant filed his claim for fees for services rendered, $2000 for those prior to the confirmation of the arrangement, and $1000 for those between confirmation and July 10, 1939. He claimed priority of payment on the theory that it was an expense of administration of the arrangement proceeding. The trustee filed objections to the allowance of the claim asserting that it did not appear that the amount of compensation had been a matter of agreement between the bankrupt and appellant, and asked that the court examine the claim and, if it appeared excessive, reduce it.

Upon hearing on the objections of the trustee, the referee found that appellant's petition had never been passed upon in the arrangement proceeding; that the $1,000 claimed for services after confirmation was not compensable as a cost of administration in that proceeding; and that the $2,000 was a reasonable fee for services rendered in that proceeding. He therefore allowed the $2,000 and disallowed the $1,000.

In his classification of claims against the bankrupt, the referee placed in Class III all costs of administration of the Chapter XI proceeding, including appellant's for legal services, on the authority of § 64, sub. a(1) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(1). Objections to this classification were filed by the attorney for the bankrupt who also objected to the reduction of his own claim from $850 to $300. The District Court issued a rule to show cause why appellant's claim should be allowed priority and, on October 29, 1941, entered the order appealed from, removing the claim from Class III and placing it in Class VI, on a parity with other claims accruing during operation under the arrangement in which priority was claimed by virtue of the plan, and as such, inferior to wage and tax claims.

The situation confronting the referee, the District Court and this court is rather an unusual one in that it appears that, although a proceeding was started under Chapter XI, and progressed to confirmation, it was apparently never consummated, for reasons not disclosed of record, and its place was taken by an entirely new proceeding in straight bankruptcy, whether by voluntary or involuntary petition we are not informed. Appellant recites in his brief that both proceedings are still pending. However, his claim was filed in the second proceeding, and the order of the referee allowing the claim as a prior one was entered in the same second proceeding.

■ We consider it significant in the determination of the question of appellant's right to priority of his claim for services in the arrangement proceeding, that the bankruptcy proceeding in which the order was entered was not a continuation of the procedure contemplated by Chapter XI itself upon default or failure of the arrangement as provided by §§ 377, 378, 11 U.S.C.A. §§ 777, 778. Even though the court did reserve jurisdiction to determine fees and other matters arising in the arrangement proceeding, it does not appear that he thereafter entered any orders in that proceeding, and it was, to all intents and purposes, abandoned. The case, then, is one where a claim is filed in a straight bankruptcy proceeding, covering services rendered in an earlier proceeding which has been entirely superseded by it, where no claim was filed and only a general provision made for the filing. The situation is comparable to that presented in Matter of James Butler Grocery Co., 2 Cir., 100 F.2d 376, where the claimant prayed priority of its claim filed in a bankruptcy proceeding which had superseded a proceeding under § 77B, 11 U.S.C.A. § 207, during the course of which it had sold goods used in the continuation of the business and which, no doubt, would have been entitled to priority as an expense of administration had the claim been presented to the court in that proceeding, prior to the filing of a voluntary petition in bankruptcy after final decree in the section 77B cause. That case differs from the one presented to us in that there had been a final decree entered, and the two causes arose in different District Courts. However, we do not consider those differences material. The pendency of the Chapter XI proceeding might perhaps have been ground for challenging the petition for straight bankruptcy under the procedure provided by that chapter, but upon the filing of that and adjudication thereupon, it took precedence over the earlier proceeding, and thereafter, action in the matter of claims and orders was properly taken in the bankruptcy proceeding. Cf. Taylor v. Sternberg, 293 U.S. 470, 55 S.Ct. 260, 79 L.Ed.

**430**

599. Hence rights were fixed and determined in accordance with the facts in that proceeding, not the earlier one which it superseded.

In determining the classification of appellant's claim, the referee relied upon § 64, sub. a(1) which provides: "The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment, shall be (1) the actual and necessary costs and expenses of preserving the estate subsequent to filing the petition; the filing fees paid by creditors in involuntary cases; where property of the bankrupt, transferred or concealed by him either before or after the filing of the petition, shall have been recovered for the benefit of the estate of the bankrupt by the efforts and at the cost and expense of one or more creditors, the reasonable costs and expenses of such recovery; the costs and expenses of administration, including the trustee's expenses in opposing the bankrupt's discharge, * * * and one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases and to the bankrupt in voluntary and involuntary cases, as the court may allow."·

We think the priority contemplated by this section has reference to the costs and expenses of administration of a current proceeding, not one superseded by the current proceeding, hence appellant's claim must fail of priority under the provisions of this section. Matter of James Butler Grocery Co., supra.

Appellant also relies upon a line of cases involving equity receiverships, quoting from In re Paramount-Publix Corp., D.C., 10 F.Supp. 504, 507, where the rule was stated: "The principle which applies to cases of this kind is that the estate passes from the hands of the equity receiver into the hands of the trustee in bankruptcy subject to a lien for proper administrative expenses whilst it was in equity receivership. Cf. In re White, 2 Cir., 58 F.2d 203; Paine v. Archer, 9 Cir., 233 F. 259; and Hume v. Myers, 4 Cir., 242 F. 827." The court in the Butler case, supra [100 F.2d 378], says of this principle: "It is true that where a bankruptcy has superseded a general assignment or a receivership, administrative expenses incurred in the latter may be accorded priority in the bankruptcy.' * * * These cases proceed upon the theory that the

proper administration expenses of the insolvency proceedings are to be regarded as deductions from the property which must be turned over to the bankruptcy trustee by the receiver or assignee. * * * Here all of the property taken over by the reorganization court had been returned to the debtor without the retention of any jurisdiction in rem and hence was not subject to any deduction or equitable lien in favor of the appellant when it came into the control of the bankruptcy court."

It is to be noted that the leading early case, cited by various of the cases on the subject, Randolph v. Scruggs, 190 U.S. 533, 23 S.Ct. 710, 712, 47 L.Ed. 1165, whence comes the language, "If beneficial services are allowed for they are to be regarded as deductions from the property which the assignee is required to surrender, and in that way they gain a preference" stresses the point of the benefits to the bankrupt's estate, and also, that that case did not allow a preference to the attorney for a general assignee, although it did permit the claims to be filed as unsecured debts of the bankrupt corporation. Under the authorities, we think appellant was not entitled to the priority claimed by him and recommended by the referee in bankruptcy.

Appellant further contends that the action of the District Court in reclassifying his claim was erroneous in that the classification of the referee, as to which no petition for review was filed, was res judicata and could not be disturbed after time for review had passed. We cannot agree with this contention. It is true that the referee has very broad powers upon general reference to him of the case in bankruptcy. · This court has said, "The referee after references, is, under the provisions of the act, to all intents and purposes, the court of bankruptcy, limited only by the provisions as to review." In re Rubin's Department Store, 7 Cir., 75 F.2d 731, 733. As stated in Remington on Bankruptcy, 4th Ed., § 619, by the general revision of June 22, 1938, the provisions of the Act conferring jurisdiction on referees were greatly extended. The provisions of the Act have been supplemented by General Orders, 11 U.S.C.A. following section 53, which contain directions not only for the performance of administrative duties, but also for the discharge of certain judicial duties.

However, it is also true that local rules may limit the powers which the referee would otherwise have. Ibid, § 620.

Hence we turn to the Bankruptcy Rules adopted by the District Court for the Northern District of Illinois. Rule 16 relating to compensation applications provides for filing such applications with the referee, and that he shall make recommendations as to compensation and the amount thereof. A further provision requires a special report setting up special reasons therefor, in case his recommendation for an allowance to an attorney shall exceed twice the amount of the receiver's or trustee's compensation. Other facts are required to be incorporated in the report pertaining to compensation. We think these requirements clearly contemplate a reservation of jurisdiction to pass finally upon all allowances for compensation, and that orders of the referee pertaining thereto must be approved by the District Court. Cf. Thummess v. Von Hoffman, 3 Cir., 109 F.2d 291; Forsher v. Graham, 6 Cir., 32 F.2d 654, 655. In the latter case the Court of Appeals for the Sixth Circuit held that the "right of review by the District Court extends to every final order of the referee and may be asserted by anyone having a direct substantial interest or by the court, sua sponte." Under these circumstances we think that the District Court had jurisdiction to review the order relating to compensation, and to reclassify the claim of appellant for error in law.

Decree affirmed.