## In re GARCIA SUGARS CORPORATION.

District Court, S. D. New York.

Feb. 3, 1943.

Cullen & Dykman, of Brooklyn, N. Y., for trustees in bankruptcy.

 

Blake & Voorhees, of New York City, for National Sugar Refining Co.

H. Beach Carpenter, of New York City, for American Sugar Refining Co.

MANDELBAUM, District Judge.

This is a petition by two claimants, the National Sugar Refining Company and the American Sugar Refining Company, for a review of two orders dated October 20th, 1942, whereby the Referee in Bankruptcy disallowed the priority, under Sec. 64, sub. a(1), of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(1), on two claims of $1,000 each.

The matter arises upon a stipulated statement of facts. Suffice it to say that it is agreed that the two claimants retained a firm of accountants (with the consent of the debtor) to audit the books of the Garcia Sugar Corporation; that the accountants worked from May 19th to May 31st, 1939, inclusive, and it is agreed that "it would have been necessary to perform the same work and render the same services later in connection with the work which said accountants were subsequently required to perform for the Receivers and Trustees in the preservation and administration of this bankrupt estate". On May 24th, 1939, the claimants (and a third creditor) filed an involuntary petition in bankruptcy against the debtor in this court, and on May 31st, 1939, the same accounts were authorized to serve the Receivers of the bankrupt. The two claimants have each paid one-half of the fee of $2,000 charged by the accounting firm. Their claim for priority in reimbursement is based on the theory that the accountants' services were of benefit to the bankrupt estate, and that under the rule of Randolph v. Scruggs, 190 U.S. 533, 23 S.Ct. 710, 47 L.Ed. 1165, the priority should have been granted. The Referee disallowed the priority but permitted them as general claims, the latter only on the theory that the expenditures were with the consent and at the implied request of the bankrupt.

The specific issue is whether Randolph v. Scruggs, supra, is to be interpreted to cover the situation where the services for which payment is demanded were not instrumental in preserving a specific fund or asset of the estate prior to bankruptcy but were of benefit to the estate as a necessary service to the bankrupt's receiver.

All the cases cited by counsel do have the distinguishing thread that there is some asset concerned therein which has been better protected for the bankruptcy court as a result of the services rendered and for which priority was granted. There is nothing explicit to be found requiring anything more than that the services must be such as "were beneficial to the estate". Randolph v. Scruggs, supra, 190 U.S. at page 539, 23 S.Ct. at page 713, 47 L.Ed. 1165. Nevertheless, the underlying theory of them all seems to be that "they must be regarded as deductions from the property which the assignee is required to surrender". In re White, 2 Cir., 58 F.2d 203, 204. In other words, the priority seems to have been based on a benefit to the estate as opposed to a service to the trustee or receiver. The present application is therefore to be distinguished.

The Referee's orders are affirmed. Settle order on notice.