460 F.2d 212
 In the Matter of ANGLO-AMERICAN PROPERTIES, INC.,
AMERICAN NATIONAL INSURANCE COMPANY, Petitioner,
v.
R. W. THOMPSON and Gulf National Bank (Barbara Thompson,
Administratrix C.T.A. of the Estate of R. W.
Thompson, Jr., Substituted in the Place
and Stead of R. W. Thompson,
Deceased), Respondents.
 No. 71-1590.
 United States Court of Appeals,
Fifth Circuit.
 May 5, 1972.
Rehearing and Rehearing En Banc Denied June 21, 1972.
 
 Stanford Morse, Jr., White & Morse, Gulfport, Miss., for petitioner.
 Hollis C. Thompson, Jr., Mize, Thompson & Blass, Gulfport, Miss., Joel Blass, Prof. of Law, University of Miss., University, Miss., for respondents.
 Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.
 RONEY, Circuit Judge:
 
 
 1
 This appeal is taken from awards made to two claimants in the Chapter X reorganization of Anglo-American Properties, Inc., which awards were given priority lien status over Deeds of Trust on certain real property. Among the assets in the hands of the Trustee in Bankruptcy below were certain hotel and shopping center properties which had once been placed in receivership by the Chancery Court of Harrison County, Mississippi. R. W. Thompson had served as attorney to the state court receivers. Gulf National Bank had loaned money to the receivers for the purpose of financing the purchase of casualty and liability insurance on the properties which were in receivership. The bankruptcy court held that both Thompson and Gulf National had paramount liens against the properties. We reverse.
 
 
 2
 The Mississippi receivership was terminated in October, 1965, when Anglo-American Properties in effect acquired the properties which were being managed by the receivers by merger with the owning corporations. Thompson's attorney's fee was set by the Chancery Court at $40,000.00. Thompson did not, however, receive full payment at that time. He took $20,000 in cash and accepted a $20,000 note from Anglo-American for the balance. Gulf National Bank was owed $39,169.44 on its insurance premium financing note signed by the receivers when the state court receivership was terminated. This note was assumed by Anglo-American. Anglo-American never paid either Thompson's note or the Bank's, ran into financial difficulties, and filed a petition for corporate reorganization under Chapter X on June 22, 1966.
 
 
 3
 When Anglo-American went into reorganization in the court below, Thompson and Gulf National Bank both filed "Notice of Paramount Lien," claiming that they had superior liens against the assets of Anglo-American which had been involved in the state chancery court receivership proceedings. The district court agreed. It entered judgment in favor of Thompson in the amount of $20,000.00, and in favor of Gulf National for $28,529.15. American National Insurance Company held Deeds of Trust on the properties which predated the state court receivership. Upon the district court's award to Thompson and the Bank of liens paramount to the Deeds of Trust, American National prosecuted this appeal.
 
 
 4
 We can find no legal basis for holding that appellees had a paramount lien on Anglo-American's property. Section 1363 of the Mississippi Code of 1942 is relied upon by Thompson and the Bank as the basis for creation of such a lien, but this section creates a lien in favor of the receivers, not their creditors.
 
 
 5
 "Sec. 1363. Compensation of receiver.
 
 
 6
 Receivers shall be entitled to have such compensation for their services as the court shall allow, and shall have a lien upon the property in their hands for the payment thereof, and of their necessary expenses. The court shall make such order to compel the payment thereof as may be just and necessary, and may decree the payment thereof by any of the parties as a portion of the costs of the suit."
 
 
 7
 The state court made no order concerning the payment of those costs and did not expressly create a lien to follow the property after it left the hands of the receiver. In support of the district court's decision appellees have cited to us the cases of Perry-Mason Shoe Company v. Sykes, 72 Miss. 390, 17 So. 171 (1895) and Paine v. Archer, 233 F. 259 (9th Cir. 1916). In both of these cases, as in the instant case, the claim asserted was for services rendered during a receivership proceeding. The claimant in each case, however, was the receiver himself, not, as here, a third party who had rendered services to the receiver. There appears to be no authority for the position that this statute creates a lien by operation of law which would follow the property out of the receivership and survive the termination of the receivership proceedings.
 
 
 8
 Appellees also rely on 11 U.S.C. Sec. 658 as providing a statutory basis for the district court's award. This section reads as follows:
 
 
 9
 "Sec. 658. Protection of obligations of prior fiduciary; payment of costs and expenses
 
 
 10
 The judge shall make such provision as may be equitable for the protection of the obligations incurred by a receiver or trustee in such prior proceeding and for the payment of the reasonable costs and expenses incurred therein as may be allowed by the judge."
 
 
 11
 It allows the district court to make provision for the protection of obligations incurred by a receiver in a prior state court proceeding. Section 658, however, must be read in conjunction with 11 U.S.C. Sec. 656, which applies to pending prior proceedings.
 
 
 12
 "Sec. 656. Right to petition for reorganization during pendency of prior proceedings
 
 
 13
 A petition may be filed under this chapter notwithstanding the pendency of a prior mortgage foreclosure, equity, or other proceeding in a court of the United States or of any State in which a receiver or trustee of all or any part of the property of a debtor has been appointed or for whose appointment an application has been made."
 
 
 14
 The Mississippi receivership was not pending when this Chapter X action was instituted. Sections 656 and 658, therefore, are not applicable. This conclusion is buttressed by examination of the language of 11 U.S.C. Sec. 659, which provides that when a Chapter X proceeding is dismissed, "such prior proceeding shall become reinstated." Obviously, only a pending action is capable of reinstatement.[1] The cases relied upon by appellees, Randolph v. Scruggs, 190 U. S. 533, 23 S.Ct. 710, 47 L.Ed. 1165 (1903); In re South Bend Lumber Company, 2 F.2d 783 (W.D.Wash.1924); and In re Cohen, 64 F.2d 103 (2nd Cir. 1933) are not authority to the contrary. In each of these cases the institution of bankruptcy proceedings had been preceded by an assignment for the benefit of creditors, and the assignee was still administering the debtor's estate when the bankruptcy petition was filed.
 
 
 15
 Since we hold that neither claimant held a lien which survived the termination of the state court receivership, it is not necessary to discuss the equities that might control the assertion of a lien, had one existed. American National did nothing after the termination of the state proceeding that would give rise to a lien. Assuming there had been no bankruptcy proceeding, the claimants would have had no legal or equitable claim against the properties superior to that of American National. The claims did not represent costs of the bankruptcy proceeding. Under such circumstances, the bankruptcy court was without power to impose a lien superior to the pre-existing Deeds of Trust. The judgment of the district court is reversed and the cause is remanded for such further proceedings as may be proper.
 
 
 16
 Reversed and remanded.
 
 
 17
 ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC
 
 PER CURIAM:
 
 18
 The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.
 
 
 
 [1]
 Moreover, under Sec. 658, even when a state court action is pending the state court has no authority to fix costs and expenses. Only the reorganization judge is empowered to do so. A state court decree making allowance for prior services and expenses is of no effect, and the allowance must be made de novo by the reorganization judge. Collier on Bankruptcy, Vol. 6A, p 14.04